Daniel George **PANAGOS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 7412.

United States Court of Appeals
Tenth Circuit.

Dec. 6, 1963.

T. R. Johnson, Sioux Falls, S. D., for appellant.

Leroy V. Amen, Asst. U. S. Atty. (Robert N. Chaffin, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was charged with falsely pretending to be an officer of the United States, in violation of 18 U.S.C. § 912. At his arraignment on June 29, 1961, he entered a plea of guilty, and was advised that a probation officer would prepare a presentence investigation. On July 20, 1961, the appellant next appeared, and was sentenced pursuant to the Federal Youth Corrections Act.

The appellant thereafter filed an application and motion pursuant to 28 U.S. C. § 2255, on the ground that at the time of sentencing he was not advised of his right to have counsel. The trial court denied relief, and this appeal was taken.

The record shows that upon the arraignment, the trial court clearly and adequately advised the appellant of his rights to an attorney. The court asked

the appellant twice whether he desired the court to appoint counsel, and the appellant stated on both occasions that he did not. There is no contention made by the appellant that he did not understand the statement of his rights as made by the trial judge nor that he did not knowingly and intelligently waive his right to counsel at the time of arraignment. Appellant does contend that at the time of sentencing, he should have again been advised of his right to counsel, and the trial court's failure to so do provides grounds for relief in this proceeding.

There is no question but what the appellant was entitled to counsel if he desired at each of the several steps or stages in the criminal proceedings including sentencing. Nunley v. United States, 283 F.2d 651 (10th Cir.); Willis v. Hunter, 166 F.2d 721 (10th Cir.), cert. den. 334 U.S. 848, 68 S.Ct. 1499, 92 L. Ed. 1772; Batson v. United States, 137 F.2d 288 (10th Cir.). There is likewise no question but what this right to counsel is a right which may be knowingly and intelligently waived. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. The test or standards to be applied to waiver of constitutional rights as so set out in Johnson v. Zerbst, supra, were reiterated in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. See also Igo v. United States, 303 F.2d 317 (10th Cir.); Puckett v. United States, 314 F.2d 298 (10th Cir.). It is further recognized that an appellant in the position of the one before us has the burden of overcoming the presumption that the proceedings had by the trial court were regular and correct. The Supreme Court stated in Johnson v. Zerbst that a judgment cannot be lightly set aside by collateral attack and when collaterally attacked, the judgment of a court carries with it a presumption of regularity. The Court also then said: "Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of

habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel."

The burden upon the movant as stated in Johnson v. Zerbst, supra, was reaffirmed by the Supreme Court in Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167. See also Christakos v. Hunter, 161 F.2d 692 (10th Cir.), cert. den. 332 U.S. 801, 68 S.Ct. 92, 92 L.Ed. 381.

The record in the case at bar shows that the delay which ensued between the time of plea and the time of sentencing was due entirely to the need for preparation of a presentence report. There was no change in conditions and no other proceedings had during the interim. Appellant makes no contention that there was any actual change in appellant's position during this period of time. The record shows no facts or circumstances which would prevent the initial waiver of the right to counsel, knowingly and intelligently made, from extending to and being fully effective at the time of sentencing. Nothing intervened between the plea and sentencing except time, and not an unreasonable amount of that.

The Court of Appeals for the Eighth Circuit in the case of Davis v. United States, 226 F.2d 834, cert. den. 351 U.S. 912, 76 S.Ct. 702, 100 L.Ed. 1446, had before it a similar question. The court there held that if a waiver of the right to counsel had been properly made, the trial court should not be required at each subsequent proceeding to again ask the defendant whether he knew his rights and was again willing to waive them. The court in the cited case further held that the waiver, once effectively made, applied to the subsequent sentencing. The delay in sentencing in the cited case was for a period of four days, but there, as here, nothing intervened between the initial waiver of counsel and the sentencing.

The appellant was afforded, and the trial court protected, his constitutional rights with respect to counsel, and his waiver initially made extended to the proceedings had at the time of sentencing.

Affirmed.