395 P.2d 353

**Robert SANDERS, Jr., Petitioner,**

v.

**Harold A. COX, Warden, Respondent.**

**No. 7717.**

Supreme Court of New Mexico.

Sept. 8, 1964.

Edward T. Johnson, Santa Fe, for petitioner.

Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

NOBLE, Justice.

This is an original habeas corpus proceeding in the Supreme Court following denial of a permanent writ by the district court.

Petitioner, an indigent, charged with three separate felonies, was advised of his right to employ counsel but was told that an attorney could not be appointed to represent him in the magistrate's court. A plea of guilty to each charge was entered before the magistrate but the state elected to and did hold preliminary examinations in each case taking the testimony of its witnesses even though petitioner was not represented at such preliminary.

Petitioner asserts the invalidity of the sentences imposed upon him because of the failure to appoint counsel to represent and advise with him prior to the preliminary examination. No case has been cited to us supporting petitioner's contention that the

pre-trial failure to assign counsel prior to preliminary examination of an indigent defendant in a non-capital case, is ground for vacating a conviction or sentence based upon a plea of guilty, at least without a showing that prejudice resulted therefrom. Latham v. Crouse (CCA 10) 320 F.2d 120.

The record discloses the prompt appointment of counsel by the district court after the filing of informations there. The testimony before us discloses that appointed counsel was furnished a copy of the transcript of the proceedings at the preliminary examination including the testimony of the State's witnesses produced at that hearing, and that counsel conferred with petitioner advising him of the nature of each charge against him and the punishments provided thereunder. Petitioner likewise discussed the facts with his counsel who considered such facts related by petitioner together with the testimony of the State's witnesses reflected in the transcript of the preliminary examination.

After consulting with counsel, petitioner was arraigned and a plea of guilty entered to one information, and of not guilty to the other two. Some two weeks later, at a time when he was represented by counsel, petitioner withdrew his pleas of not guilty, entered pleas of guilty, and was sentenced to the minimum and maximum terms of imprisonment provided by statute in the respective cases. Pleas of guilty before the magistrate were not in any way used against him and did not affect his position in the district court. Under the facts here present, we find that failure to assign counsel prior to the preliminary examination does not require the sentences imposed to be vacated. On the contrary, it is and has been the law in New Mexico for many years that the right to have a preliminary hearing may be and is waived upon entry of a plea in district court. State v. Gallegos, 46 N.M. 387, 129 P.2d 634. If the preliminary examination can be thus waived, it would seem to follow that the right to counsel at the preliminary hearing can likewise be waived when competently and intelligently done. In this connection State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394, and our recent decision in State v. Vaughn, 74 N.M. 365, 393 P.2d 711, are most instructive. Neither Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114, nor White v. Maryland, decided April 29, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, require a different result. Application of De Toro, D.C., 222 F.Supp. 621.

It is significant that in Latham v. Crouse, supra, a capital case in which defendants Latham and York were sentenced to death for homicide, the Tenth Circuit Court of

Appeals held that error by reason of failure to furnish counsel at a preliminary hearing did not abridge the accused's fundamental constitutional rights in the absence of a showing of prejudice. That decision followed White v. Maryland by some two and one-half months but certiorari was denied December 16, 1963, 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317.

■ Furthermore, it appears that petitioner's counsel examined the transcript of the proceedings before the magistrate, which affirmatively showed failure to assign counsel at that stage of the proceeding. If the effect of failure to provide counsel at an earlier time was as prejudicial as now claimed, counsel should have presented the question to the trial court. No objection was made. A defendant in a criminal case may not acquiesce in any error and later assign such error for his discharge from custody. See State v. Vaughn, supra.

Petitioner urges that he was not afforded adequate legal counsel upon his arraignment in the district court. We do not agree.

It follows that the writ of habeas corpus heretofore issued should be and the same is hereby discharged, and the petitioner is remanded to the custody of the warden of the New Mexico State Penitentiary.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.