Richard A. SANDOVAL, Appellant,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.

No. 7721.

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1964.

Donald K. Bain, Denver, Colo. (Holme, Roberts, More & Owen, Denver, Colo., of counsel, on the brief), for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

This appeal was taken from an order of the United States District Court for the District of Colorado, denying appellant's petition for writ of habeas corpus. The appellant is confined in the Colorado State Penitentiary, having been sentenced in 1960 on a charge of robbery and conspiracy to commit robbery.

A hearing was held in the United States District Court on appellant's petition which urged that he had not been afforded counsel in the state proceedings. During the hearing, appellant was present and testified. There was also introduced the transcript of proceedings in the Denver District Court of August 1960 at which time the hearing took place which is the basis of appellant's present objections. The United States District Court found that the appellant had no state remedies available to him, held he had waived his right to counsel, and denied the petition.

The record shows that the appellant entered a plea of not guilty before the Denver District Court on the charge of robbery and conspiracy to commit robbery. A date for the trial was set, but at the time for trial, no counsel had yet been engaged by or appointed for the appellant. When the case was called, the following proceedings took place:

"THE COURT: Are you prepared to go to trial in this matter?

"THE DEFENDANT: Your Honor, I would like to know if I can change my plea?

"THE COURT: To change your plea in this matter?

"THE DEFENDANT: Yes.

"THE COURT: How old are you, Mr. Sandoval?

"THE DEFENDANT: 19.

"THE COURT: Do you understand that on the 29th day of April, 1960, you entered a plea of not guilty to both counts, namely, robbery, and conspiracy to commit the same, is that right?

"THE DEFENDANT: Yes.

"THE COURT: On this 21st day of July, 1960, it is your wish, as expressed to this Court, that you wish to withdraw both of those pleas of not guilty. Is that right?

"THE DEFENDANT: Yes, sir.

"THE COURT: You want to be arraigned in this matter?

"THE DEFENDANT: Yes, sir.

"THE COURT: In Case No. 46932, the People of the State of Colorado versus Richard Allen Sandoval, and this matter, Mr. Sandoval, you stand here charged with the offense of robbery:

"What say you to this charge? Guilty, or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Mr. Sandoval, before the Court can accept your plea, and I wish that you pay strict attention to everything I say to you, you are entitled to a trial by jury:

"You are entitled to representation in this court by competent counsel. If you don't have the funds with which to employ an attorney, this Court will appoint one for you:

"That upon receipt of this plea, it is discretionary with this Court to sentence you to the State reformatory at Buena Vista, or to the State Penitentiary at Canon City, Colorado, for a period of not less than one, nor more than ten years.

"Now, understanding all those elements, do you persist in this plea of guilty, to the charge of robbery in this Case No. 46942 [sic]?

"THE DEFENDANT: Yes, sir."

The court then made essentially the same statements to the appellant on the count of conspiracy to commit robbery.

The appellant contended before the United States District Court, as he does here, that the state court failed to appoint counsel to assist him in his defense as it should have done, that he did not waive his constitutional right to counsel, and that he was not properly advised of his right to counsel nor of the nature of the charges against him. The United States District Court, after considering appellant's testimony given before it during the course of the hearing and the transcript of the proceedings before the state court, found that the appellant had waived his right to counsel.

■■ The judgment of the state trial court certainly can not be "lightly" set aside on such collateral attack as this, and that judgment "carries with it a presumption of regularity" even as stated for federal courts in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Where there is some showing of affirmative waiver, the burden of proof rests on the petitioner to establish that he did not competently and intelligently waive his constitutional right to the assistance of counsel, and that he must during the hearing on habeas corpus meet the burden and convince the court by a preponderance of the evidence that he did not properly waive his right to counsel. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Johnson v. Zerbst, supra; Panagos v. United States, 324 F.2d 764 (10th Cir.); Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167.

The appellant in his brief strongly urges that the decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, should be here directly applied and thereby given retroactive effect. We do *not* however reach this question for the reason that our examination of the record indicates that there is adequate evidence to support the trial court's finding that appellant effectively and understandingly waived his right, from whatever source, to counsel.

In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, the Supreme Court described the responsibility of a federal district judge in determining whether the accused was waiving his right to counsel. The Court also there held that a waiver ordinarily is an intentional relinquishment or abandonment of a known right or privilege, and whether there was such a waiver depended upon the particular circumstances of the case. The standard there established is the general one of "intelligent and competent waiver" set against a presumption against waiver of constitutional rights. In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, the Court stated: "We have held the principles declared in Johnson v. Zerbst equally applicable to asserted waiver of the right to counsel in state criminal proceedings." This cited case also held that no request for counsel was necessary as a prerequisite to appointment. Thus the question here is whether the trial court's finding of waiver is supported by the record.

The appellant here was twice advised of his right to counsel by the Denver District Court as set out in the above quota-

tion. He was told the court would appoint counsel if he did not have funds to employ one. Appellant had told the court at arraignment that his mother was attempting to hire an attorney, and this apparently led to some confusion. At the hearing in the United States District Court, appellant stated that the judge in the state court told him an attorney could be appointed under Colorado law. During this hearing appellant was asked: "If you desired to plead guilty, why was counsel necessary?" He answered: "That's what I felt. I don't know why the judge kept asking me those questions because I already explained to him that I wanted to plead guilty. * * *" Appellant testified that he then understood that the state court could appoint counsel. The record thus shows that the appellant understood his rights as to counsel; that he decided to waive these rights, and additionally to change his plea from not guilty to guilty. The waiver is within Johnson v. Zerbst. The appellant's testimony that he did not see why the judge kept asking about an attorney when he had decided to plead guilty indicates that he also wished to forego a trial, enter the plea, and be sentenced.

There should be no waiver of the right to counsel by nothing more than a plea of guilty. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The plea itself however has some probative value. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367. The testimony of the appellant given in the case at bar during the course of the hearing in the United States District Court indicates clearly that the appellant did not waive his right to the appointment of counsel by the plea of guilty alone. This testimony shows that he considered there was no purpose in having counsel represent him, and secondly that he desired to enter a plea of guilty.

The finding by the United States District Court, adequately supported, shows appellant's understanding of his right to counsel and a competent waiver of such right. The court below observed the witness and measured his understanding of his rights and of the events which transpired.

Affirmed.