Joe V. LOVATO, Appellant,

v.

Harold A. COX, Warden of New Mexico State Penitentiary, Appellee.

No. 7996.

United States Court of Appeals
Tenth Circuit.

May 3, 1965.

M. Dee Biesterfeld, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen. of New Mexico, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

PER CURIAM.

The appellant, a prisoner confined in the New Mexico State Penitentiary, filed petition for a writ of habeas corpus with the United States District Court for the District of New Mexico, asserting that he was deprived of his right to counsel during the preliminary state proceedings and during his arraignment and sentencing. The United States District Court held a hearing during the course of which the appellant testified. The court denied the petition and appellant has taken this appeal.

The record shows that the appellant was arrested, jailed, and the day following was told that he could be charged under the habitual criminal statute. The appellant testified that the officer asked him whether he would be willing to sign a statement, to which the appellant answered that he would, and such a statement was thereupon signed. The appellant also testified as to his conversation with the officer at the time the statement was signed, including a statement by appellant to the effect that he could not be charged with breaking and entering because he had keys to the filling station in question, and he opened the doors and walked in. Appellant testified that the police officer then told him that the charge would be grand larceny and embezzlement, and this was the ultimate charge. The appellant then appeared before Justice of the Peace Cortez who gave him two weeks to make restitution. It appears that he was not able to make restitution and thereafter came before a second Justice of the Peace, who upon his appearance told him that he was charged as above mentioned, and asked him how he wished to plead. Appellant then entered a plea of guilty. Appellant was returned to jail and thereafter appeared before the District Court of Santa Fe County for arraignment. The appellant had no attorney up to this point, and had none at the time of his arraignment. At arraignment the court asked the appellant whether he had an attorney representing him, to which the appellant replied that he did not. The court stated he was entitled to twenty-four hours' notice before he was required to plead and that in such time he might engage an attorney. The district attorney advised the court notice was waived, and appellant stated that he had so waived notice, and he was ready to proceed. The court then advised appellant that the crimes charged were felonies, and that he would be entitled to a jury trial, that the state had the burden of proving him guilty beyond a reasonable doubt, and that he was entitled to be represented by counsel. The appellant responded that he understood this to be the case. The court asked him whether he had contacted an attorney, and he said he had not. He was asked why he had not done so, and appellant stated, "I admit I committed the crime and I don't see any sense in getting in contact with an attorney." The court then stated, "You don't want to have an attorney, or engage the services of an attorney?", to which the appellant responded, "No, sir." The court then stated that the record would show that after appellant was advised of his right that he had

waived his right to counsel, and to the appellant, the court said, "Do you understand what you are doing?", to which the appellant replied, "Yes, I do." The appellant thereupon pleaded guilty, and in response to questions advised the court of his two previous felony convictions. The court thereupon asked for a presentence report. About two weeks later, the appellant appeared for sentencing at which time the court stated that a plea of guilty had been entered and asked the appellant whether he wished to make any statement. The appellant said he did not wish to make a statement, the court then reminded the appellant again of his plea of guilty, and in referring to the time of the entry of the plea stated, "And at that time you stated you understood about your rights and did not want the services of an attorney; is that correct?", to which the appellant replied, "That is correct, sir." The court then referred to the presentence report relating to previous felonies and other convictions. The court thereupon sentenced the appellant to the New Mexico State Penitentiary. The appellant thereafter requested the court to amend the written judgment and sentence to have the terms run concurrently. Upon receipt of this request, an attorney was appointed for the appellant to present the matter, and the sentence was thereafter amended.

There is nothing in the record to show that the signing of a statement admitting the facts and participation in the crime by the appellant was made other than voluntarily. According to the testimony of the appellant given at the hearing below, the entry of the plea of guilty before the Justice of the Peace was made by reason of the fact that the statement referred to above had been signed, and there was no point in entering a different plea. The statement signed by the appellant was not used in any subsequent proceedings, and the plea of guilty by the appellant before the Justice of the Peace was likewise not used in any subsequent proceeding.

There is nothing in the record to show that at the time of his formal arraignment before the state district court, his plea was entered by reason of any previous pleas made by him nor by reason of any statements theretofore signed by him. The arraignment, according to the record before us, was entirely independent of prior proceedings as far as the use of any statements or pleas made by the appellant. It is likewise independent in that it does not show any compulsion on the part of the appellant by reason of his previous statements or pleas. At the arraignment, from the language quoted above, he was advised of his right to have a jury trial and he was advised that he was charged with a felony. The appellant had had two prior felony convictions, under both of which he had been imprisoned in a state penitentiary. He was advised he was entitled to be represented by counsel, and he thereupon admitted that he had committed the crime, and stated again that he did not wish to have an attorney or engage the services of an attorney. The waiver was reviewed again at the time of sentencing and appellant acknowledged his waiver.

■ The record is clear that the appellant was fully advised of his rights and voluntarily waived his right to have an attorney represent him at the arraignment and sentencing. The record demonstrates an understanding on the part of the appellant of the proceedings and of the court's advice as to his rights; consequently there was a protection of his fundamental rights. No particular ritual in doing so is required.

■ As indicated above, there has been no showing of prejudice arising by reason of the action taken by appellant prior to and during the course of the preliminary proceedings. Further as indicated above these prior proceedings are independent of and not connected in the record with the formal arraignment and sentencing of the appellant. Since there has been no prejudice shown by reason of any rights which may or may not have been violated during the course of such preliminary proceedings, the appellant can raise no objection thereto. This is the same circumstance which was con-

sidered by this court in Downing v. New Mexico State Supreme Court, 339 F.2d 435 (10th Cir.). See also Gallegos v. Cox, 341 F.2d 107 (10th Cir.); Hickock v. Crouse, 334 F.2d 95 (10th Cir.), and Lloyd Romero v. Cox, Tenth Circuit, 344 F.2d 948. Pointer v. Texas, 85 S.Ct. 1065, does not hold otherwise.

 The waiver of the right to an attorney at the time of arraignment and sentencing is comparable to the circumstances in Sandoval v. Tinsley, 338 F.2d 48 (10th Cir.), where a waiver was found to have been made. The record here shows a waiver of counsel at arraignment competently and intelligently made.

The finding of the court below that the waiver of counsel was so made was amply supported by the record, and the case is affirmed.