**Joe SHAWAN, Appellant,**
**v.**
**H. A. COX, Warden, Appellee.**
**No. 8107.**

United States Court of Appeals
Tenth Circuit.

Sept. 16, 1965.

---

James P. Horiskey, Cheyenne, Wyo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant Shawan is presently incarcerated in the New Mexico State Penitentiary and appellee is the warden of that institution. The appeal is from an order denying a petition for a writ of habeas corpus.

Appellant, a Cherokee Indian, at the time of his arrest was sixty years of age, an indigent person without sufficient funds to employ an attorney and an itinerant worker with less than an eighth grade education. He was arrested in Las Cruces, New Mexico, on September 23, 1961, and taken to jail. Shortly thereafter he was permitted to use a telephone and he called a lawyer, who came to the jail and talked with him. After Shawan told the lawyer that he had only $84.00 in cash and a wrist watch, the lawyer refused to represent him. Separate complaints were filed that day before a Justice of the Peace charging Shawan with assault with intent to kill and discharging a firearm within a settlement. On September 25th he was taken before a Justice of the Peace for a preliminary hearing and, according to his own testi-

mony, he was unaware of the exact nature of the proceedings. His testimony before the court below was to the effect that "they" said if he didn't plead guilty to these charges, other charges would be filed against him, "such as a habitual." An opportunity was afforded him at this time to telephone an attorney, which he declined to do because of his previous inability to hire a lawyer. He was also told at this time that the proceeding was "just a routine". The records of the Justice of the Peace show that a preliminary hearing was waived, a plea of guilty was entered to both charges, Shawan was bound over to the district court and bond was set at $15,000 on the assault charge and $5,000 in the firearms case.

On September 26 Shawan, without a lawyer, appeared before a state district judge, an information was filed against him charging him with assault with intent to kill and a copy of which was served upon him in open court. The information was read to Shawan and a colloquy had between the court and the accused, which is critical to the disposition of the case.[1] On October 23, the accused appeared again in the same court for pronouncement of sentence, and another colloquy was had between the court and the accused.[2]

Our sole inquiry here goes to the question of whether the accused intelligently and understandingly waived his constitutional right to counsel. In deciding this question, we are mindful of the fact that both the state district court and the Supreme Court of the State of New Mexico have denied relief to Shawan and

1. "BY THE COURT: Mr. Shawan, do you want a lawyer?
A. No, I just throw myself on the mercy of the Court, Your Honor.
BY THE COURT: Do you understand the charge?
A. Yes, sir.
BY THE COURT: Now, has anyone threatened you or promised you anything to get you to plead to this charge?
A. No, Your Honor.
BY THE COURT: Under our law you have 24 hours to plead to a charge after service. You can wait until tomorrow at this time to plead, or you can plead now if you want to waive that 24 hours.
A. I plead now, Your Honor.
BY THE COURT: Are you satisfied that this Court has furnished you all— or offered to furnish you and has given you that right, all your constitutional and civil rights?
A. Yes, Your Honor.
BY THE COURT: How do you plead, guilty or not guilty?
A. Guilty."

2. "BY THE COURT: All right, Joe Shawan?
A. Yes, sir.
BY THE COURT: You were brought before the Court on the 26th day of September and at that time you were served a copy of the information, you were asked if you wanted an attorney, you said you did not want one, the Court explained to you that you could wait 24 hours to plead, before this arraignment, and you said you wanted to plead at that time and you waived the 24 hour period of service, the information was read to you and you were asked if you understood and you replied you did. You also stated that there had been no threats or promises made to you in order to obtain a plea to this charge. You also stated you were satisfied this Court had offered to you all your constitutional and civil rights, is that correct?
A. That's right.
BY THE COURT: Do you have anything to say before judgment and sentence of the Court is passed on you?
A. Well, all I can say, Your Honor, that I didn't, if it bears any reason, I did not cause the Court any unnecessary trouble or expense and if I remember correctly, I did ask the mercy of the Court. Your Honor, if you can show any consideration, that's all.
BY THE COURT: Of course, in view of your record as shown in presentence report, I have no—only one alternative under our laws; We are under the indeterminate sentence law, is to sentence you to the minimum and maximum, which I did in the case of Mr. Novak for the offense with which he was charged. It will be the judgment and sentence of the Court that you be remanded to the Sheriff of Dona Ana County, by him safely kept until he can conveniently convey you to the State Superintendent at Santa Fe where you will serve not less than one year or more than twenty-five and pay the costs of your prosecution."

those judgments cannot be lightly set aside on a collateral attack. Sandoval v. Tinsley, 10 Cir., 338 F.2d 48.

■ It is now settled law that the Fourteenth Amendment makes obligatory on the states the provision of the Sixth Amendment requiring that the accused in all criminal prosecutions be afforded the right to have the assistance of counsel for his defense, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Also, a defendant who pleads guilty is entitled to the benefit of counsel, and a request for the same is not necessary. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367. If an accused is incapable of adequately conducting his own defense, is unable to procure his own counsel and does not intelligently and understandingly waive the right to counsel, it is the duty of the court to provide counsel for him. Rice v. Olson, supra. The trial judge before whom an accused, charged with a felony, appears without counsel, must make a thorough inquiry to determine whether there is an understanding and intelligent waiver of counsel. He must investigate to the end that there can be no question about the waiver, which should include an explanation of the charge, the punishment provided by law, any possible defenses to the charge or circumstances in mitigation thereof and explain all other facts of the case essential for the accused to have a complete understanding. Powell v. State of Alabama, 287 U.S. 45, 53 S. Ct. 55, 77 L.Ed. 158. To constitute a valid waiver there must be an intentional relinquishment or abandonment of the right, or in the words of Justice Brennan in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Appellee cites two recent cases from this court to support his contention that there was a waiver of the right of coun-sel, Sandoval v. Tinsley, 10 Cir., 338 F. 2d 48 and Lovato v. Cox, 10 Cir., 344 F. 2d 916. As to these cases, suffice it to say, that in each of them there was an understandable explanation made to the accused in open court of his rights, which we cannot say was done in this case.

■■ The appellant in the court below testified he did not know what a preliminary hearing meant; that he was told if he didn't plead guilty to the two offenses that other charges would be filed against him, such as being an habitual criminal; and that he thereafter told the magistrate he was guilty. The record shows then a waiver of the preliminary hearing and fails to show any statement or explanation was made to Shawan with reference to the nature of the charges, the possible sentencing results or the effect of a plea of guilty at that stage of the case. Likewise, the record of the arraignment and sentencing is void of any intelligent explanation to the accused of the nature of the charges against him, of his right to a jury trial, of his right to counsel even though he be indigent or of the sentencing consequences of a plea of guilty. We believe from a reading of the record that appellant, by his own testimony and by the undisputed facts surrounding the prosecution of the case, sustained his burden of proof. Appellee made little or no attempt to make a record sufficient to refute the oral testimony of appellant. We disagree with the trial court's finding that because this accused has been involved in previous criminal cases, it is to be inferred that he possessed all of the requisite understanding and intelligence to waive his right to counsel. That may be a fact to be given consideration together with all of the other facts and circumstances of the case, but standing alone, it is not sufficent. From the record before us, we are compelled to conclude that the trial court's material findings of fact, which were nothing more than findings of ultimate facts, are not sufficient under Rule 52 F.R.Civ.P., and

are clearly erroneous.[3] The trial court also apparently gave great weight to findings of the state courts, which is ordinarily proper, but we have looked at those findings and have concluded that they are only findings of ultimate facts and there is no record from the state courts before us to show basic facts which support those ultimate facts. To us the record presents an aggravated case of the deprivation of an accused's constitutional right to counsel.

Appellee finally points out that the Gideon case was decided subsequently to the entering of the plea of guilty in this case and urges that we not apply Gideon retrospectively. In this connection we need only to cite Doughty v. Maxwell, 372 U.S. 781, 83 S.Ct. 1106, 10 L.Ed.2d 139 and 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650. Doughty's plea of guilty in a state court was entered without counsel in January, 1959. Subsequently, his petition for a writ of habeas corpus, based on the denial of his right to counsel, was rejected by the Supreme Court of the State of Ohio prior to the Gideon decision. A petition for a writ of certiorari reached the Supreme Court after the Gideon decision and in a brief per curiam opinion, the petition was granted, the case was reversed and remanded to the Supreme Court of Ohio, Doughty v. Sacks, 175 Ohio St. 46, 191 N.E.2d 727, "for further consideration in light of Gideon v. Wainwright." The Ohio Court adhered to its previous decision and the Supreme Court again granted certiorari 84 S.Ct. 702 and summarily reversed the case by per curiam order, on authority of Gideon, supra, and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. The Second Circuit in United States v. LaVallee, 330 F.2d 303, cert. denied, LaVallee v. Durocher, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048, and the Third Circuit in United States v. Myers, 329 F.2d 856, and Palumbo v. State of New Jersey, 334 F.2d 524, have applied Gideon retrospectively. We believe, beyond any doubt, that Gideon must be given retrospective effect.

The order dismissing the petition is reversed and a writ of habeas corpus will issue. The respondent warden is directed to retain custody of appellant for a period of twenty days after the issuance of the mandate herein, during which time the other appropriate state authorities may take custody of appellant for the purpose of the further prosecution of the charges involved herein, otherwise, at the end of the twenty days, appellant shall be released from custody.

---

3. Woods Construction Co. v. Pool Construction Co., 10 Cir., 314 F.2d 405.