412 P.2d 392

Novel Ponta BOULDIN, Appellee,

**v.**

Harold COX, Warden of the Penitentiary of New Mexico, Appellant.

No. 7652.

Supreme Court of New Mexico.

March 21, 1966.

Earl E. Hartley, Atty. Gen., Wayne C. Wolf, Asst. Atty. Gen., Santa Fe, for appellant.

Florenceruth J. Brown, Santa Fe, for appellee.

J. NORMAN HODGES, District Judge.

Appellant, warden Cox, has appealed from the decision of the district court which made permanent a writ of habeas corpus, applied for by appellee, and which released and discharged appellee from the custody of the warden.

Paragraph (b) of the Petitioner's Application for Writ of Habeas Corpus contains the only grounds set forth for the writ of habeas corpus, as follows:

"That Petitioner who is uneducated and inexperienced in legal matters, and had only attained the age of 18 years at the time of his conviction, was not represented by counsel at the time of his conviction, did not know he was entitled to be represented by counsel, and was not asked by the prosecuting attorney or the Court at any time whether he desired the assistance of counsel, all in violation of his constitutional rights."

Without objection, the petitioner and only witness at the habeas corpus hearing, testified concerning a preliminary hearing or proceedings before the justice of the peace, as well as the proceedings before the district court of Lea County held in 1958.

The trial court, in the habeas corpus hearing, made fifteen findings of fact, several of which pertain to the proceedings in the justice of the peace court.

At the close of the habeas corpus hearing, the appellant made a motion to quash the writ of habeas corpus on the grounds:

1. That appellee was not entitled to counsel at a preliminary hearing, because it was not a critical stage of the proceedings, but, if so, he later waived his right at arraignment before the district court.

2. That the appellee intelligently waived his right to counsel at the district court arraignment.

3. That appellee did not sustain his burden of proof in obtaining a writ of habeas corpus.

Both parties submitted requested findings of fact and conclusions of law prior to entry of judgment in the habeas corpus matter.

The testimony is uncontradicted that petitioner was, at the time of arraignment before the district court in 1958, 18 years of age, had a fifth grade education and was inexperienced in criminal proceedings. He testified in the habeas corpus hearing (1964) that he did not understand his right to counsel in 1958; and, as indicated in the findings of fact, the trial court believed him.

Appellant's first point argues that the proceedings in the justice of the peace court in 1958 were not a critical stage of the proceedings and therefore appellee was not entitled to court-appointed counsel at the preliminary hearing or other proceedings before the justice of the peace. The court's finding of fact No. 7, reads as follows:

"7. That for this Petitioner the preliminary hearing was a critical stage of the proceedings leading to his conviction and a commitment to the custody of this Respondent, and lack of counsel at that time prejudiced this Petitioner and denied him due process of law."

A review of the record does not disclose any substantial evidence showing that the preliminary hearing was a critical stage of the proceedings. There is very little substantial evidence of what occurred at the proceedings before the justice of the peace, except that the petitioner entered a plea of guilty. Actually, this issue was not within the pleadings, but to some extent was tried by implied consent. There was no evidence that the plea of guilty in the justice of the peace court was later used against him; no pressure or compulsion has been shown by reason of the prior plea of guilty, and no prejudice to the defendant is shown.

Failure to assign counsel prior to preliminary examination of an indigent defendant in a non-capital case is not a ground for vacating a conviction or sentence based on a plea of guilty, without a showing that prejudice resulted therefrom. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353; Latham v. Crouse (C.A. 10, 1963) 320 F.2d 120; Lovato v. Cox (C.A. 10, 1965) 344 F.2d 916. § 21–1–1(92), N.M.S.A.1953, effective September 1, 1964, provides for appointed counsel for indigents at preliminary hearings, but prior to that time, there was no such requirement, in non-capital cases, absent a showing of prejudice.

The appellant's second point argues that the court's findings of fact numbered 5, 6 and 12 are not supported by the evidence. Appellee argues that appellant failed to attack finding No. 4 which is a logical basis

for findings numbered 5 and 6. These findings read, as follows:

"4. That at all material times Petitioner was 18 years of age and had not gone beyond the fifth grade of elementary school, and did not understand the nature of his right to counsel, or of criminal proceedings."

"5. That in consequence of his age and limited education and understanding, Petitioner did not intelligently and competently waive his right to counsel at the time of his arraignment before the Justice of the Peace Court and District Court."

"6. That in consequence of his age and limited education and understanding, Petitioner did not intelligently and competently waive, by his action at the time of arraignment, his right to counsel at preliminary hearing."

"12. That Petitioner was entitled to counsel at all critical stages of the proceedings leading to his conviction and commitment to the New Mexico State Penitentiary, and was not provided with counsel at arraignment before the Justice of the Peace Court, or in the District Court."

■ Appellee contends that the issue of intelligent waiver of the right to counsel was strictly a factual issue which was determined by the trial court at the habeas corpus hearing; that there was substantial evidence to support the court's findings; and that this court cannot weigh conflicting testimony and substitute its judgment for that of the trial court. However, appellant moved to quash the writ of habeas corpus because appellee did not sustain his burden of proof. This motion fairly raised the question of whether appellee did prove by a preponderance of the evidence that his waiver of counsel was not understandingly and intelligently given.

Although the trial court at the habeas corpus hearing had the opportunity to observe the appellee, it should be remembered that the trial court at arraignment also had this opportunity, when the following colloquy occurred:

"MR. LOVE: Are you represented by a lawyer, Mr. Bouldin?

DEFENDANT: No, sir.

MR. LOVE: There's been an Information filed here against you in District Court that charges you with a felony, a penitentiary offense, armed robbery. Do you understand that, if you plead guilty or are found guilty, you may be sent to the penitentiary?

DEFENDANT: Yes, sir.

THE COURT: Do you have any way of hiring a lawyer?

DEFENDANT: No, sir.

THE COURT: Do you want the Court to appoint a lawyer for you?

DEFENDANT: No, sir.

THE COURT: You do not?

DEFENDANT: No, sir.

MR. LOVE: Do you understand, if you don't have a lawyer and don't have the money to hire one, the Court will appoint a lawyer at the Court's expense, and, knowing that, you do not want a lawyer?

DEFENDANT: No, sir.

MR. LOVE: This is the Information. (The Information was read to the Defendant)

THE COURT: To that charge, how do you plead? Guilty or not guilty?

DEFENDANT: Guilty.

MR. LOVE: Mr. Bouldin, have any promises been made to you by anyone to induce you to make a plea of guilty in this case?

DEFENDANT: No, sir.

MR. LOVE: Have any threats been made against you by anyone to induce you to make a plea of guilty?

DEFENDANT: No, sir.

MR. LOVE: Is your plea free and voluntary of your own accord?

DEFENDANT: Yes, sir.

MR. LOVE: Do you have anything to say before the Judge imposes sentence upon you?

DEFENDANT: Yes.

THE COURT: Mr. Love, Judge Armijo will be here the week of April 21. I think you might as well make arrangements to try that other boy at that time. And sentence will be deferred on this until the disposition of the other case."

Later, before Judge Armijo, the following colloquy took place:

"THE COURT: Your name is Novel Ponta Bouldin?

DEFENDANT: Yes, sir.

THE COURT: You have heretofore entered a plea of guilty to the charge, have you not?

DEFENDANT: Yes, sir.

THE COURT: Have you anything to say why the judgment and sentence of the Court should not be pronounced upon you?

DEFENDANT: No, sir.

THE COURT: Who was your attorney?

MR. LOVE: Your Honor, this man had no attorney. He was advised of his rights by Judge Brand and waived the rights to an attorney.

THE COURT: I see. He has waived the right of an attorney. Have you anything to say why the judgment and sentence of the Court should not be now pronounced upon you?

DEFENDANT: No, sir."

The answers are responsive to the questions. Three times the defendant declined appointed counsel. Six years later he testifies he did not understand his right to counsel. Such contention should be viewed with caution.

The following statement from Sandoval v. Tinsley (10 Cir. 1964) 338 F.2d 48, involving a 19 year old boy, is particularly applicable:

"The judgment of the state trial court certainly can not be 'lightly' set aside on such collateral attack as this, and that judgment 'carries with it a presumption of regularity' even as stated for federal courts in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Where there is some showing of affirmative waiver, the burden of proof rests on the petitioner to establish that he did not competently and intelligently waive his constitutional right to the assistance of counsel, and that he must during the hearing on habeas corpus meet the burden and convince the court by a preponderance of the evidence that he did not properly waive his right to counsel. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Johnson v. Zerbst, supra; Panagos v. United States, 324 F.2d 764 (10th Cir.); Moore v. [State of] Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed. 2d 167."

A careful analysis of three recent decisions of the Tenth Circuit Court of Appeals, Sandoval v. Tinsley, supra; Lovato v. Cox, supra, and Shawan v. Cox, 350 F.2d 909, all involving waiver of counsel, places the instant case in the category of Sandoval and Lovato, which upheld waivers of counsel, rather than Shawan, which did not.

In Carpentier v. Lainson, 248 Iowa 1275, 84 N.W.2d 32, 71 A.L.R.2d 1151, the trial court, in a habeas corpus hearing, held that a 17 year old boy could not waive the right to counsel, basing its decision on age alone. The supreme court reversed and pointed out that he did not claim illiteracy, mental incompetency, feeble-mindedness or any other abnormal traits. The supreme court concluded that age is not the controlling factor and that it was incumbent upon the petitioner not only to show his immature years, but also the other reasons he was not then capable of understanding, comprehending and exercising proper judgment. The court in that case further said:

"It seems, however, in most of the cases we have been able to find, the rule is applied without exception that the defendant must waive, intentionally, understandably, and competently, without coercion, to be effective; and to determine this fact, evidence as to his education, mental capacity, experience, and understanding, is most important. Whether or not one accused of crime has waived his right to assistance of counsel, regardless of age, must depend in each case up-

on particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. We should furthermore take into consideration whether petitioner was ignorant of legal procedure, confused and bewildered, as well as the haste in placing him on trial, the lack of evidence, and the complexity of the charge, and the pressure, or lack thereof, to get him to enter his plea. If defendant is competent, knows what he is doing, is aware of the offense charged and its penalty, as well as other courtroom procedure, so as not to be confused or frightened by arraignment, surely such a waiver, intentionally done, must be allowed to stand."

There is an extensive annotation in 71 A.L.R.2d 1162, pertaining to waiver of right to counsel by accused minors. Footnote 2, on page 1162 of the annotation, reads in part:

"* * * It may be said that almost invariably a court's decision in the area under consideration depends upon its estimate of the total situation surrounding a purported waiver, including such relevant factors as the age, education, and prior criminal experience of the accused, his mental state, his financial condition, and the inducements offered him or pressure put on him to plead guilty without the advice of counsel."

■ We hold that because appellee was years of age, had a fifth grade educa-

tion, had no prior experience in criminal proceedings, together with his personal interpretation of the advice given on his rights to appointed counsel are not sufficient reasons to show why he was not then capable of understanding, comprehending and exercising proper judgment. To hold otherwise would create a rule based on a specific amount of formal education and ignore a person's actual intelligence.

■ In the instant case, there was no allegation or proof of ignorance, illiteracy, mental incompetency, feeblemindedness or any other abnormal traits; nor has any inducement or pressure been shown. Appellee did not sustain the burden of proof in showing that his express waiver of counsel was not intelligently and competently made; and the respondent's motion to quash the writ of habeas corpus should have been granted.

■ Courts should always act with caution where minors (and adults) are prosecuted for criminal offenses, but final judgments of courts should be respected and, even in habeas corpus proceedings, should be upheld unless it clearly appears that defendant has been denied a right guaranteed to him. Wade v. Skeen, 140 W.Va. 565, 85 S.E.2d 845.

Appellant further argues that the court's finding of fact No. 11 is not the basis for any relief. However, a review of the court's conclusions of law and the order dis-

charging appellee do not indicate any specific relief was granted on the basis of this finding.

The judgment of the trial court is reversed, with direction to discharge the writ and to remand the prisoner to custody of the appellant.

It is so ordered.

CARMODY, C. J., and CHAVEZ and COMPTON, JJ., concur.

NOBLE, Justice (dissenting).

This is an appeal from a habeas corpus proceeding in the district court in which the trial court made extensive findings of fact and conclusions of law. In reviewing the action of the district court, we are bound by the rules of appellate procedure and may not weigh the evidence as we do in original habeas corpus proceedings filed in the supreme court. The sole question before us is whether the trial court's findings that Bouldin did not intelligently and understandingly waive the right to be represented by counsel or enter a plea of guilty are supported by substantial evidence. If they are, we are bound by those findings and must affirm.

The majority statement, that because petitioner was only 18 years of age with a fifth-grade education, had no previous experience in criminal proceeding, together with his *bare* testimony that he did not understand his right to counsel are not sufficient reasons to show why he was not then capable of understanding, comprehending and exercising judgment, clearly indicates that the majority weighed the evidence rather than merely reviewing it to determine whether it together with all reasonable inferences flowing therefrom support the trial court's findings. The majority do not and I think will not say that those facts are insufficient as a matter of law to make a prima facie case, thus sustaining his burden of proving that his plea of guilty was not understandingly and intelligently made.

The record of petitioner's arraignment discloses that while the court advised him that a plea of guilty would require a sentence of imprisonment and that he was entitled to appointed counsel, it likewise discloses that he was not advised of his right to a jury trial or of a right to have possible defenses explained to him. This failure gives rise to an inference that the plea of guilty was not intelligently or understandingly entered. Cordova v. Cox, 351 F.2d 269 (10th Cir.).

In my view, neither Sandoval v. Tinsley, 338 F.2d 48 (10th Cir.) nor Lovato v. Cox, 344 F.2d 916 (10th Cir.) support the position of the majority. Those cases merely affirmed the findings of the trial judge that in each of them an understandable explanation had been made to the accused of his rights. In Lovato, in addition to advising the defendant that the offense was a felony and that he had a right to appointed coun-

 

sel, the court told him that he would be entitled to a jury trial and that the state had the burden of proving him guilty beyond a reasonable doubt. In that case the trial court repeatedly asked defendant if he understood what he was doing and again at the time of sentencing inquired in detail concerning defendant's understanding of his rights. In Sandoval, the Circuit Court of Appeals said:

> "The finding by the United States District Court, adequately supported, shows appellant's understanding of his right to counsel and a competent waiver of such right."

Shawan v. Cox, 350 F.2d 909 (10th Cir.) reversed the finding of the district court dismissing the writ, and there determined that the record at the arraignment, very similar in my view to the arraignment in the instant case, failed to reflect an understandable explanation to the accused of his rights. I disagree with the majority interpretation of Shawan and think it is much more nearly in point than Sandoval or Lovato. While in Cordova v. Cox, supra, there was only a conclusional statement in the court minutes that the accused had been fully advised of his constitutional rights. I think the language of the opinion supports the trial court's findings of a lack of an understanding explanation of petitioner's rights at the time of the arraignment and of the trial court's determination that the peti-

tioner did not understandingly and intelligently enter his plea of guilty.

I think the record substantially supports the findings made by the trial court and that on appeal this court is bound thereby. I, therefore, dissent.