**Robert SANDERS, Jr., Appellant,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8545.**

United States Court of Appeals Tenth Circuit.

April 19, 1966.

Anthony J. Albert, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

The District Court for the District of New Mexico denied appellant's petition for a writ of habeas corpus and he appeals.

Appellant is a state prisoner presently confined in the New Mexico State Penitentiary pursuant to sentences imposed in each of three felony charges to which pleas of guilty had been entered.

On January 20, 1962, appellant was arrested by the city police of Hobbs, New Mexico, apparently for being intoxicated. Subsequent to arrest, his automobile was searched and a woman's white purse found in the trunk. Discovery of the purse led to the interrogation of appellant concerning a robbery and assault that had been reported about a week before. During the eight-hour questioning appellant confessed to his participation in the crimes for which he is now serving sentence.

On January 26 a preliminary hearing was held at which appellant was advised he could not have appointed counsel and

at which appellant entered pleas of guilty. In accord with the then customary New Mexico procedure, notwithstanding the pleas, the state produced evidence including the introduction of both purse and confession. Appellant was bound over to the district court.

At the state district court level, appellant was furnished counsel who, by pure chance, had been in the courtroom at the preliminary hearing and was thus informed of the details of those proceedings. Counsel testified in the present proceedings with commendable frankness, stating that he consulted with appellant about the facts and law of the case and appellant's rights under the law; that he did not advise appellant that he had been deprived of a right to counsel at the preliminary hearing [1] because such right was not then thought to exist; that he did not discuss the potential inadmissibility of appellant's confession under latter-day constitutional concepts because these concepts were not then explicit; that appellant expressed a subjective desire to plead guilty, do his time and start anew, but wanted sufficient delay to take care of his family affairs; and that he (counsel) performed his legal duties accordingly.

Prior to the filing of the instant action, appellant had sought relief in an original habeas corpus proceeding before the Supreme Court of New Mexico. Sanders v. Cox, 74 N.M. 525, 395 P.2d 353, cert. denied, 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed. 2d 569. That high court gave consideration to the fact that appellant had not been furnished counsel at the preliminary hearing but concluded that such defect was waived by the entry of guilty pleas in the district court, finding, in effect, that such pleas were competently and intelligently entered with advice of counsel. The federal district court indicates concurrence with the factual determinations of the New Mexico Supreme Court and its application of case law but also specifically finds that although "counsel was made

available to him and consulted with him, petitioner in actuality made his own determination to enter pleas of guilty to all the charges and only delayed the entry of pleas of guilty to two of the charges in order to stay in Lea County for a while longer so he could take care of some family matters." The court below specifically excluded from its consideration any aspect springing from appellant's assertion of a background of unlawful search and seizure and unlawful confession because such issues had never been presented to the state court.

Although both the New Mexico Supreme Court and the federal district court have concluded that appellant is entitled to no relief, it seems clear that neither court had given consideration to all the legal and factual circumstances that preceded the entry of the guilty pleas. The effect, if any, that appellant's present claim that his constitutional rights were violated by search, seizure and interrogation leading to confession might have upon the ultimate determination of a voluntary and understanding plea was not presented to the state court; and, because not presented to the state court, was not considered by the federal district court.[2] Nor, perhaps, did the state court have an opportunity to weigh the testimony of appellant's state trial counsel [3] as that testimony, given in the instant proceeding, might be pertinent to the rule of acquiescence in procedural error and applied by that court. Sanders v. Cox, supra, 395 P.2d at 354.

As we have indicated, the New Mexico Supreme Court found that appellant had entered intelligent and voluntary pleas of guilty with advice of counsel; the federal district court found that such pleas were the independent determination of the appellant. The holdings, in our view, are not completely reconcilable on the present record. The potential unlawfulness of the search and seizure and the validity of appellant's confession are factors that

1. See Pearce v. Cox, 10 Cir., 354 F.2d 884.
2. These claims, as a basis for habeas corpus, were dismissed below without prejudice.
3. We cannot determine from the record whether this witness testified in the state proceedings.

probe, but do not conclusively negate, his ability to enter a voluntary plea with independent understanding. The trial court must give consideration to these factors, or, in its discretion, first allow the state court to pass upon the full extent of appellant's claims.

The case is remanded to the trial court for further proceedings.