**Kenneth William CRANFORD, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9050.**

United States Court of Appeals
Tenth Circuit.

Feb. 10, 1967.

Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, United States District Judge.

WESLEY E. BROWN, District Judge.

Appellant Cranford was convicted in a New Mexico state court of obtaining property with intent to cheat or defraud. He appeared without counsel and entered a plea of guilty. He contends that there was no intelligent and competent waiver of counsel, that he did not waive his constitutional right to a preliminary hearing, and lastly, that the totality of circumstances show that his plea of guilty was not competently made.

The court below held a hearing at which Cranford was present and testified. The transcript of the arraignment proceedings was introduced. It discloses that Cranford waived possession of a copy of the information for 24 hours, appointment of counsel, preliminary hearing, and his right to a jury, and entered his plea of guilty. The trial judge's inquiry of Cranford was careful and extended, and the record thereof contradicts his contentions made here.

The burden upon the trial judge to assure that a defendant's waiver of counsel is intelligently and understandingly made is outlined in Shawan v. Cox, 350 F.2d 909 (10th Cir. 1965): "He must investigate to the end that there can be no question about the waiver, which should include an explanation of the charge, the punishment provided by law, any possible defenses to the charge or circumstances in mitigation thereof and explain all other facts of the case essential for the accused to have a complete understanding."

The sentencing court's inquiry meets the standards of Shawan, supra. The explanation of the charge was full and unambiguous: it set forth the facts alleged to constitute the offense, the articles obtained, the date thereof, the use of a credit card belonging to another, and identified the offense as obtaining

Forrest S. Smith, Santa Fe, N. M., for appellant.

L. D. Harris, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt,

property with intent to cheat or defraud. No possible defense or mitigating circumstance was apparent to the court. He explained the possible punishment in clear and precise terms.

Nonetheless, Cranford contends that under the "totality of circumstances," his guilty plea was not understandingly made. However, the only circumstance to which our attention is directed is a statement by appellant to the court before sentencing:

"I don't know whether she stole it or it was given her.

Q. (By the Court) * * * Now it's true that the girl involved was not picked up. I don't know why. But she is just as guilty as you are, if I understand the situation correctly. She is the one that stole the card.

A. I don't know whether she stole it or it was given to her.

Q. But she had the card?

A. Yes.

Q. But you knowingly bought this stuff knowing the card didn't belong to you?

A. Yes, sir, and I give it back to her."

Cranford asserts that this exchange indicates the existence of a possible defense of lack of intent, and that the court failed to inquire further, thereby vitiating his waiver of counsel at arraignment. We cannot overlook the fact that the single criminal element in the entire transaction as alleged in the information and described to Cranford was that the use of the credit card was accompanied by an intent thereby to cheat or defraud. The words "intent to cheat or defraud" or "fraudulent deception" were used four separate times in identifying the offense at the arraignment and plea. It is clear Cranford understood and intended to and did fraudulently use the credit card as charged in the information.

■ Cranford waived his right to a preliminary examination when he competently, understandingly and voluntarily pled to an information, without challenging the information on the ground that he had not been accorded a valid preliminary examination. Pearce v. Cox, 354 F.2d 884 at 891 (10th Cir. 1965).

Affirmed.