438 P.2d 512 (1968)
76 N.M. 768
STATE of New Mexico, Plaintiff-Appellee,
v.
Bill DANIELS, Defendant-Appellant.
No. 8287.
Supreme Court of New Mexico.
March 11, 1968.
Manford W. Rainwater, Tucumcari, for appellant.
Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

*513 OPINION
ARMIJO, Judge, Court of Appeals.
This appeal follows the entry of an order denying motion to vacate judgment and sentence of life imprisonment and is filed under § 21-1-1(93), N.M.S.A. 1953. Appellant was represented by the same court appointed attorney when the motion was considered, as appeared for him at prior proceedings.
Appellant moved pro se and advances as grounds for relief the following: that his plea of guilty was made and accepted without the presence of a jury; that he was not afforded counsel; that he was not advised of his right to remain silent and that he was interrogated and incriminating statements elicited while he was suffering extreme pain following a stab wound, while dazed and under the effects of sedation.
The contention that the trial court received the guilty plea without the presence of a jury and thereby committed reversible error, is found to be without merit.
The information in this case charged appellant with murder to which he entered a plea of not guilty at arraignment. Following a psychiatric examination and a doctor's report, on the day set for trial by jury, appellant withdrew the plea and entered a plea of guilty, which was accepted and recorded in open court.
The applicable statute covering the appellant's plea of guilty and its treatment before the court is § 40A-1-11, N.M.S.A. 1953, wherein the following language is noted:
"40A-1-11. Criminal sentence permitted only upon conviction.  No person indicted or charged by information or complaint of any crime shall be sentenced therefor, unless he has been legally convicted of the crime in a court having competent jurisdiction of the cause and of the person. No person shall be convicted of a crime unless * * * or upon the defendant's confession of guilt * * *."
It is axiomatic that our district courts act through a district judge in considering pleas in criminal cases, so that when a plea of guilty is made and accepted nothing remains for a jury to consider.
The power of a court to accept a plea of guilty is traditional and fundamental. United States v. Willis, 75 F. Supp. 628 (D.D.C. 1948). Section 40A-1-11, N.M.S.A. 1953, authorized the court to accept and record a plea of guilty.
The plea of guilty is not challenged and we conclude that it was voluntarily made and properly accepted.
In Brandon v. Webb, 23 Wash.2d 155, 160 P.2d 529 (1945), which presented a similar issue here raised held:
"Such plea is a confession of guilt and is equivalent to a conviction, leaving no issue for the jury, * * *."
"* * * By pleading guilty the defendant admits the acts well pleaded in the charge, waives all defenses other than that the indictment or information charges no offense, and waives the right to trial and the incidents thereof."
Substantially the same language as set forth above but going just a step further is the more recent case of Brisson v. Warden of Connecticut State Prison, 25 Conn.Sup. 202, 200 A.2d 250 (1964), wherein it is stated:
"* * * He also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to the conduct of criminal prosecutions."
It follows that once the voluntary plea of guilty is entered by the defendant and accepted by the court, no reason exists to impanel a jury and by such a plea, the defendant sets himself before the trial judge for the final outcome. Such outcome simply is for judgment to be rendered and the sentence to be imposed. See French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964).
The assertion that appellant was not afforded counsel is also found to be without merit, the record discloses appellant was furnished counsel at the preliminary hearing and continued to be represented by counsel at all stages of the proceeding. For this reason the holding in the case of Escobedo *514 v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), urged upon us by appellant, does not apply.
We also fail to see wherein appellant's rights were infringed in any way in his allegation of not being advised of his rights to remain silent, that he was interrogated while suffering from pain, such interrogation occurring while dazed and under sedation and while in such a condition having made involuntary and incriminating statements.
Obviously, he has reference to matters which took place following his apprehension and which are not matters of record, but even assuming these assertions are true, any such defect would be waived by his plea, especially in the absence of a showing that he was prejudiced thereby. Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964) and Lattin v. Cox, 355 F.2d 397 (10th Cir.1966).
Conceivably, appellant may have reference to interrogation by the court following his plea of guilty and statements made by him in answer thereto. Admittedly, he incriminated himself by his plea, but he cannot be heard to complain since by his plea he confessed the charge contained in the information. The court inquired of him, he answered pertaining to the voluntariness of the plea, his understanding of the same and other matters relevant thereto and following this inquiry the plea was then accepted.
We know of no better way to ascertain if a plea of guilty is voluntary and is understood by a defendant than for the judge to make inquiry of the pleader before accepting the plea. See Cranford v. Rodriguez, 373 F.2d 22 (10th Cir.1967).
Appellant further urges that he was entitled to a hearing on his motion and relies on State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967). This case can be distinguished since we are not confronted with any matter which would present an issue of fact and since an examination of the files and the records in the case conclusively show no grounds for relief, the trial court properly overruled the motion without a hearing.
The order of the trial court denying the motion to vacate judgment and sentence is affirmed, and it is so ordered.
MOISE and CARMODY, JJ., concur.