**Ralph A. JACKSON, Petitioner,**

v.

**Mark M. MAXWELL, Warden of the Idaho State Penitentiary, Respondent.**

**Civ. No. 1–66–35.**

United States District Court
D. Idaho, S. D.

May 20, 1966.

Allen Derr, James Derr, Derr & Derr, Boise, Idaho, for petitioner.

Allan G. Shepard, Atty. Gen. of Idaho, Boise, Idaho, for respondent.

## MEMORANDUM DECISION
## and
## ORDER

McNICHOLS, District Judge.

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by petitioner, an inmate of the Idaho State Prison; the Warden of that Prison being the respondent. This Court has a full record of the evidentiary hearing granted before the state court on an identical petition. The record discloses the following factual situation:

On April 8, 1960, the petitioner herein was sentenced to a term of twenty-five (25) years imprisonment by the District Court of the Tenth Judicial District of the State of Idaho, in and for the County of Idaho, following his conviction on a charge of second degree murder.

Petitioner filed with the District Court for the Third Judicial District of the State of Idaho, in and for the County of Ada, a Petition for Writ of Habeas Corpus on December 18, 1962. This Petition alleged that petitioner's detention was illegal in that he was denied the right to be represented by counsel in the proceedings, which resulted in his conviction and sentence to prison.

The Third District Court issued the Writ and on January 16, 1963 an evidentiary hearing was held wherein petitioner was represented by counsel. The District Court, upon receipt of the evidence, both oral and documentary, made Findings of Fact and Conclusions of Law and entered its judgment quashing the Writ and petitioner was remanded to custody.

An appeal from the District Court decision was taken by petitioner to the Supreme Court of Idaho which, by a divided court, affirmed the lower court's decision on May 22, 1964.

A Petition for Rehearing was filed with the Supreme Court of Idaho by petitioner which was denied on June 17, 1964.

Petitioner, having exhausted the remedies available to him in the courts of the State of Idaho, as required by 28 U.S.C. § 2254, filed his Petition for Habeas Corpus in this Court on April 29, 1966. Petitioner did not seek certiorari in the Supreme Court of the United States from the decision of the Supreme Court of Idaho. However, this requirement as a precondition to applying for federal habeas corpus is unnecessary in light of the United States Supreme Court decision in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 91 L.Ed.2d 837. Petitioner, under the authority of Fay v. Noia, supra, is entitled to come to this Court for vindication of his federal Constitutional rights and this Court has jurisdiction in the matter by virtue of 28 U.S.C. § 2241.

The Petition on file with this Court, which was granted on April 29, 1966, urges two Constitutional grounds upon which to invalidate the proceedings held in 1960 by the District Court for the Tenth Judicial District of the State of Idaho, which resulted in petitioner's present confinement. The Petition alleges a violation of petitioner's Constitutional rights under the due process clause of the Fifth Amendment and a denial of the right to assistance of counsel under the Sixth Amendment to the Constitution of the United States. It is toward this latter ground that argument was directed in the state courts, and which is again urged here in support of the Petition.

This Court granted the Petition on April 29, 1966, as previously noted, and set May 4, 1966 for a hearing on the Petition. On that date counsel for the respective parties met and stipulated, in addition to the facts previously set forth herein, that this cause would be submitted to the Court on the complete and full record, including a reporter's transcript of the evidence before the Ada County District Court, the exhibits therein admitted, and briefs that were previously submitted to the Supreme Court of Idaho. The Court also heard oral argument on the Petition and the matter was considered submitted for a decision on the merits.

The issue to be resolved here is whether or not the petitioner was denied the assistance of counsel, as guaranteed by

the Sixth Amendment to the United States Constitution at the time of his arraignment to a charge of second degree murder before the District Court of the Tenth Judicial District of the State of Idaho. Conversely, did petitioner's conduct before the aforesaid District Court amount to a waiver of the right to assistance of counsel?

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." U. S. Constitution, Amendment VI.

■ The right to assistance of counsel for an indigent defendant in a state criminal proceeding is a right now guaranteed by the U. S. Constitution. Gideon v. Wainright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799. Therefore, the Sixth Amendment entitles indigent defendants in state criminal proceedings to the assistance of counsel unless there has been a knowing and intelligent waiver of such right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ "The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law." Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314, opinion dated April 18, 1966.

■ When Constitutional rights turn on a resolution of a factual dispute, the federal court is duty bound to make an independent examination of the evidence in the record. Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 679.

■ Where a state prisoner makes application to a federal court for a Writ of Habeas Corpus alleging facts which, if proved, would entitle him to relief, the federal court has the power to receive evidence and try the facts anew. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes a serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." Johnson v. Zerbst, supra.

■ There exists a strong presumption against waiver of the Constitutional right to counsel. Johnson v. Zerbst, supra; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

The United States Supreme Court has said with reference to the duty of a trial court in protecting the defendant's right to counsel that:

"[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309.

The state court record herein shows petitioner was arrested at his home near Grangeville, Idaho on May 16, 1960, by the Sheriff of Idaho County on a charge of murder arising out of the death of his wife. He was taken directly to the county jail at Grangeville, Idaho.

498

On the morning of March 17, 1960, petitioner was taken before a magistrate at Grangeville, Idaho for a preliminary examination upon a complaint charging him with murder in the first degree. He was without counsel at this proceeding and the record shows he waived a preliminary hearing.

On March 18, 1960, petitioner was brought before the District Court of the Tenth Judicial District of the State of Idaho, sitting at Lewiston, Idaho, for arraignment on a charge of second degree murder. Earlier on that date petitioner had advised the Sheriff of Idaho County he wished to plead guilty to the charge, which was then murder in the first degree. The Sheriff advised the county prosecutor of this fact. The county prosecutor prepared an application for petitioner to enter a plea in chambers at Lewiston, Idaho, which petitioner signed. The county prosecutor advised petitioner at the time he signed the application that a motion would be made to the District Judge to reduce the charge to murder in the second degree.

The reporter's transcript of the arraignment before the District Court on March 18, 1960 reflects the following:

"The following criminal matter was heard before the Hon. John W. Cramer, District Judge of the above-entitled court, on the 18th day of March, 1960, at approximately 3:15 o'clock p. m. The plaintiff was represented by Mr. Wayne C. MacGregor, Prosecuting Attorney in and for the County of Idaho, State of Idaho. The defendant was present in court and appeared without counsel.

"THE COURT: The defendant will stand up. You were charged with the crime of Murder in the First Degree which on motion of the Prosecuting Attorney and order of the Court has been reduced to Murder in the Second Degree under the name of Ralph Jackson. Is that your true name?

"MR. JACKSON: Yes, sir.

"THE COURT: Do you have an attorney?

"MR. JACKSON: No, sir. No.

"THE COURT: Do you want an attorney?

"MR. JACKSON: No.

"THE COURT: Then you will listen to the reading of the Information.

(INFORMATION READ BY WAYNE C. MacGREGOR, PROSECUTING ATTORNEY)

"THE COURT: To this Information what is your plea, guilty or not guilty?

"MR. JACKSON: Plead guilty.

"THE COURT: The Court in this case, in order to fix sentence, wants a pre-sentence investigation. Certain representations have been made to the Court by the Prosecutor but I would like it reduced to writing for—and a full investigation had. In the meantime you are recommitted to the custody of the sheriff. You may take him.

"THE COURT: You can take the file and prepare an order and also a minute entry.

"ADJOURNED AT 3:20 O'CLOCK P.M."

From all the evidence in the case, it is apparent that petitioner was never advised of his right to a court appointed attorney in the event he was unable to obtain counsel for himself. The record shows that neither the police officers who had custody of petitioner, the County Attorney, Justice of the Peace or the District Court informed him that if he was unable to afford an attorney, that counsel would be appointed at no expense to him. Neither was he advised of the possible consequences of a plea of guilty.

The record further shows that petitioner, at the time of his arraignment was unemployed, without funds or property, living on unemployment compensation. Petitioner was approximately sixty years of age at the time of his arraignment. He had an eighth grade education. His occupation was that of a laborer.

According to the holding of the state courts, petitioner purportedly waived his right to counsel. A waiver

is the voluntary relinquishment of a known right. In federal law, there exists a strong presumption against the waiver of constitutionally guaranteed rights. Johnson v. Zerbst, supra, and Glasser v. United States, supra. To be effective, a waiver must be shown to have been knowingly and understandably made. Johnson v. Zerbst, supra.

> "The record must show, or there must be an allegation and evidence which show, that the accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70.

Upon the record here, the Court is of the opinion that petitioner was never made aware of his right to ccunsel and cannot be said to have made a knowing and competent waiver of this right. The petitioner was entitled to have his rights to counsel fully explained to him by the trial judge at the arraignment. The transcript of that arraignment is before me and is set out herein in full. It is clear that the trial judge totally failed to properly advise the defendant or ascertain the extent of the accused's knowledge of his rights which he is now alleged to have waived.

The entire state court record, when tested by the applicable federal law here controlling, leads this Court to conclude that no intelligent and knowing waiver of assistance of counsel was made and that petitioner was denied his right to assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States. Gideon v. Wainright, supra.

Lest one feel that courts are over-solicitous of the rights of accused persons, I am constrained to the following observation predicated on the record before me. Had the petitioner in this case been provided with counsel, it is clear that, on investigation of the facts as shown in the record, such counsel would conclude that under Idaho law the petitioner was more likely guilty of manslaughter than murder. (The homicide resulted from a drunken brawl). In Idaho, the penalty for manslaughter is a maximum of ten years imprisonment. In this case, and because he was not represented by counsel, the defendant was sentenced to twenty-five years on the guilty plea conviction of murder. He has served six years in prison, more than would be normal on a ten-year sentence. I mention these matters to demonstrate the potential injustices which so frequently follow where the constitutionally guaranteed safeguards are ignored.

It is therefore Ordered and this does Order that the petitioner, Ralph A. Jackson, be released from the custody of the respondent, Mark M. Maxwell, Warden of the Idaho State Penitentiary, and from confinement in said Idaho State Penitentiary, unless within thirty days from the date of this Order petitioner be permitted to withdraw his plea of guilty in the District Court of the Tenth Judicial District of the State of Idaho and plead anew to the charge of murder in the second degree.

However, the defendant is to be released within ten days from the date of this Order unless prior to that time the Prosecuting Attorney of Idaho County, State of Idaho, advises the respondent Warden, in writing, of his intent to rearraign the petitioner within the abovementioned thirty-day period.

A copy of this Order, certified by the Clerk of this Court is to be immediately mailed to the Prosecuting Attorney of Idaho County, State of Idaho.

It is further ordered That this Memorandum Decision may serve as the Court's Findings of Fact and Conclusions of Law.