435 P.2d 919

The STATE of Utah, Plaintiff and Respondent,

v.

James Floyd WORKMAN, Defendant and Appellant.

No. 10735.

Supreme Court of Utah.

Jan. 5, 1968.

Jimi Mitsunaga, Legal Defender, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

RUGGERI, District Judge:

James Floyd Workman was, on July 7, 1966, convicted by the trial court of the crime of grand larceny, the cause, on stipulation of respective counsel, having been submitted as to the testimony of the State's witnesses, and the admission of a confession made by the defendant.

On December 19, 1964, the defendant was taken into custody by a Salt Lake City police officer as a suspect in a robbery which had occurred that day. On December 21, 1964, the defendant was taken from his cell to a detective's room in the Salt Lake City police station where he was interrogated by two police officers, Melvin W. Shields and Dale Pascoe. Mr. Shields and Mr. Pascoe having informed the defendant that they were Salt Lake City police officers, and that he was a suspect in an armed robbery, asked the defendant if he wished to make a statement. Upon the defendant consenting to make a statement, he was advised by officers Shields and Pascoe that he did not have to make a statement; that he had a right to consult with an attorney before he did so; and that anything he said could be used against him in court. Thereupon the defendant did make a statement, which was stenographically transcribed, under the questioning of officers Shields and Pascoe.

A motion was made to suppress the aforesaid statement or confession of the defendant on the ground that it was obtained in violation of the defendant's rights as secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 12, of the Utah Constitution. Following a hearing on July 6, 1966, on the motion to suppress, at which hearing the sworn testimony of the two police officers and the defendant was heard by the trial court, the motion to suppress was denied. On the following day, July 7, 1966, the matter was submitted on stipulation of respective counsel as to the testimony of the State's witnesses; the motion to suppress was renewed and denied; the statement or confession of the defendant was admitted in evidence; and the defendant found guilty of grand larceny by the trial judge.

The defendant seeks reversal of his conviction on the ground that the trial court erred in failing to grant the defendant's motion to suppress since defendant was not, during his in-custody interrogation, fully advised of his right to have an attorney appointed for him if he could not afford one.[1]

1. Appellant cites Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 1966); and Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 1966). It will be noted that those cases were decided subsequent to and their rulings, if applicable, are effective subsequent to the date of the interrogation here in question.

The custodial interrogation of the defendant in the instant case on December 21, 1964, met all of the requirements of the existing law: it was voluntary; not induced by pressure, coercion, threats, promises, fear, misrepresentation, personal discomfort or long periods of questioning. Before being questioned by the police officers the defendant was adequately and effectively apprised of his rights; he was informed in clear and unequivocal terms of his right to remain silent, accompanied by the explanation that anything he said could be used against him in court; and that he had a right to consult with an attorney before making any statement. The defendant's confession met all the then existing requirements of a confession uncoerced, knowingly, intelligently, freely and voluntarily given after full and adequate warning of his then recognized legal rights, all as expressly affirmed by the defendant in his sworn oral testimony before the trial court at the hearing held on the motion to suppress his statement or confession.

█ It is clear that the questioning of the defendant by police officers on December 21, 1964, complied with previously sanctioned guidelines for police interrogation, and it is our opinion that the defendant's rights were fully honored and that he was in no manner made "the deluded instrument of his own conviction." The defendant's confession, at the time it was made, met all requirements of the voluntariness test and constitutional standards as then applied by the courts of this State.

█ There is no transcript as to the stipulated evidence. Without reference to the defendant's statement or confession, standing alone that evidence may have left no substantial doubt as to the determination of defendant's guilt, and may have fully justified the finding of the trial court. In the absence of a transcript, we assume that the evidence supported the judgment,[2] and we find no justification for the reversal of defendant's conviction.

Affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, does not participate herein.

2. State v. Hamilton, 18 Utah 2d 234, 419 P.2d 770.