**Gerald J. DYETT, Plaintiff,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant.**

**No. C 171–67.**

United States District Court
D. Utah,
Central Division.
July 16, 1968.

**114**

Del B. Rowe, Salt Lake City, Utah, for plaintiff.

Gerald B. Gundry, Asst. Atty. Gen., of the State of Utah, for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Pursuant to a judgment of the District Court in and for Weber County, Utah, entered April 16, 1967, the plaintiff is incarcerated in the Utah State Prison upon his plea of guilty to an information charging violation of Utah Code Ann. § 76–20–11 (Supp. 1967), issuing a check against insufficient funds. The plaintiff's contention in his amended petition for a writ of habeas corpus that he had not validly waived his right to counsel when he entered his plea remains to be resolved, other points having been rejected as not substantial.

The plaintiff has exhausted his state remedies on this question by unsuccessful application for habeas corpus to the Utah Supreme Court, Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1966). That application followed my rejection of Dyett's initial petition here on the ground that he had not afforded the state court first opportunity to pass on his constitutional claim. The author of the state court opinion interpreted my prior ruling denying Dyett's petition as indicating "a disposition to release the petitioner from prison" after state remedies were exhausted. To the contrary, the object of calling attention to the constitutional problem was to encourage the state courts to come to grips with it so that its findings might be accepted pursuant to 28 U.S.C. § 2254, as amended by Public Law 89–711, 89th Congress, 80 Stat. 1105 (1966). This expectation was not realized; in fact, the very relevancy of information concerning the availability of appointed counsel in advance of a waiver was questioned. (439 P. 2d at 275–276.) It therefore became necessary for me to accord petitioner an evidentiary hearing in this court.

On a record which up to this point does not significantly differ from that

in Nielsen v. Turner, 287 F.Supp. 116 (D.Utah 1968), decided today,[1] and for reasons indicated at length in that decision, we at once reach the determinative question whether Dyett had understandingly waived his right to counsel when his plea of guilty was received by the state district court.

Upon the evidence adduced, I now make the following findings of fact:

1. That the plaintiff, Gerald J. Dyett, at the time he entered his plea of guilty was not told by the court that if he could not employ counsel through his own resources the court would appoint an attorney for him.

2. That the plaintiff was unable to provide counsel through his own resources.

3. That the appointment of counsel would have been appropriate and of possible value to plaintiff.

4. That the plaintiff from prior experience and information knew at the time his plea was entered that other courts had "appointed" counsel for defendants in criminal cases; and this court finds from the evidence, and in view of inferences reasonably to be drawn therefrom, that the plaintiff understood and realized that if he wished to be represented by counsel the court would provide counsel for him by appointment despite his existing financial inability to pay therefor. The court further finds that the plaintiff, because he anticipated probation and for other reasons unrelated to the question of counsel, did not desire to be represented by an attorney, and that he understandingly, voluntarily and intelligently waived his right to counsel prior to the entry of his plea.

The court concludes that the acceptance of the plea, the imposition of sentence and the detention of the plaintiff pursuant to said sentence violated no constitutional right of the plaintiff.

This case differs significantly from Nielsen v. Turner, *supra,* where the petitioner not only had no previous knowledge of the appointment of counsel but testified convincingly and without contradiction that he did not know that the court would appoint counsel for him and that if he had known he would have requested counsel. On the first hearing before me Dyett was asked whether he knew that the court would appoint counsel for him and he answered, "I had heard something to this effect but I didn't know the State would furnish counsel." Then he was asked, "Why didn't you say you did want counsel providing one could be appointed, as in these other cases?" He answered, "Well, I really didn't figure I needed counsel. I didn't know what the proceedings was. I mean, the first offender, I figured, the Judge will give me probation." He was later given the opportunity to clarify or further explain his failure to request the appointment of counsel but he declined to do so and relied upon the contention that the state had the burden, which it failed to sustain, of proving that the waiver was voluntary or understanding.

The rule on burden of proof is believed to be that where an express waiver of the right to counsel appears from the face of the state court record with no indication that the waiver was involuntary, the burden is upon the petitioner to prove by preponderating evidence that the waiver was invalid because it was not an intelligent, knowledgeable or voluntary one. Moore v. State of

---

1. In neither case had the defendant been advised expressly that if he could not obtain counsel through his own resources the court would provide counsel for him by appointment; no meaningful finding of fact on the crucial issue had been made by the state trial court so as to authorize this court to accept it as determinative pursuant to 28 U.S.C. § 2254 as amended by Public Law 89–711, 89th Congress, 80 Stat. 1101; and in each case it was not clear that the State Supreme Court had applied governing constitutional tests in determining the validity of the waiver.

Michigan, 355 U.S. 155, 161–162, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Spanbauer v. Burke, 374 F.2d 67 (7th Cir. 1966), *cert. denied*, 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127 (1967); Cordova v. Cox, 351 F.2d 269 (10th Cir. 1965); Sandoval v. Tinsley, 338 F.2d 48 (10th Cir. 1964). *But cf.* Miranda v. State of Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (burden on state to prove waiver during in-custody interrogation valid). On the other hand, where the record shows no waiver or a waiver made under conditions which affirmatively suggest that it was involuntary or unknowledgeable, the burden is upon the state to establish by a preponderance of evidence that counsel was validly waived. Carnley v. Cochran, 369 U.S. 506, 514, 516–517, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S.D.N.Y.1965). *See* Burgett v. State of Texas, 389 U.S. 109, 114–115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Wilson v. Wiman, 386 F.2d 968 (6th Cir. 1967); Browning v. Crouse, 356 F.2d 178 (10th Cir.) (by implication), *cert. denied*, 384 U.S. 973, 86 S.Ct. 1864, 16 L.Ed.2d 683 (1966). *Cf.* Humphries v. State of Oklahoma, 373 F.2d 200 (10th Cir. 1967) (absence of counsel raises presumption that form waiver and guilty plea incompetent). In the instant case the state record indicates that petitioner made an express waiver of counsel; I think, therefore, that the burden was upon the petitioner to impeach the record. But even if this were not so, the evidence adduced at the first hearing, unqualified and unexplained at the subsequent hearing, was sufficient to discharge any burden the state may have had.

Without merit is plaintiff's further contention that notwithstanding an accused's possible knowledge, failure of a judge to give the affirmative warnings required in the different context of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in and of itself invalidates a plea of guilty without counsel. The ultimate question concerning waiver of counsel at the time of plea is not what precise words were used in explanation but whether from the advice given or from independent information the accused had the information, understanding and volition to render a binding waiver. *See* Nielsen v. Turner, 287 F. Supp. 116 (D.Utah 1968), *supra*; see also Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968 (1968), which appropriately comes to grips with a similar problem on a similar record.

Writ denied.