Kent Eugene NIELSEN, Petitioner,

v.

John W. TURNER, Warden, Utah State Prison, Respondent.

No. C 30–67.

United States District Court
D. Utah,
Central Division.

July 16, 1968.

C. Keith Rooker, Salt Lake City, Utah, for plaintiff.

Gerald G. Gundry, Asst. Atty. Gen., State of Utah, for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

The petitioner, Kent Eugene Nielsen, is a prisoner in the Utah State Prison where he is serving a sentence imposed by the District Court of the State of Utah in and for Salt Lake County of "not less than five years, and which may be for life" [1] for the crime of robbery. Petitioner here seeks a writ of habeas corpus pursuant to 28 United States Code § 2254 on the ground that he was not accorded his constitutional right to counsel when he entered a plea of guilty to the charge upon which he was sentenced. At the time he entered plea, November 24, 1958, the petitioner was advised of his right to be represented by counsel but was not told that if he were unable to provide counsel through his own resources counsel would be appointed by the court without cost to him. [2]

No timely appeal was taken. The file shows that on November 12, 1965, some seven years after his commitment, petitioner filed a Complaint and Petition for Writ of Habeas Corpus with the Third District Court; that Mr. Jimi Mitsunaga of the Salt Lake Legal Defender Association was appointed to represent him; and that the writ was denied at a hearing on March 2, 1966. [3] On March 8, 1966, petitioner filed Notice of Appeal to the Utah Supreme

---

1. Utah Code Ann. § 76-51-2 (1953).

2. "THE COURT: Is your name Kent Eugene Nielsen?
 "MR. NIELSEN: Yes, sir.
 "THE COURT: You are Fermin Lucero Benavidez?
 "MR. BENAVIDEZ: Yes, sir.
 "THE COURT: The calendar shows you have no attorney, is that right?
 "MR. NIELSEN: That is right, sir, we would like to waive counsel. * * *
 "THE COURT: Mr. Nielsen, this is the time set for arraignment. It is the duty of the Court to advise you notwithstanding your statement, it is your right to have counsel advise with you at every stage in the proceeding, and it is a worth while source of information and you ought to use it. However, we cannot compel you to accept that advice.
 "MR. NIELSEN: We would like to waive counsel and enter a plea.
 "THE COURT: Mr. Benavidez, you heard my statement to Mr. Nielsen?
 "MR. BENAVIDEZ: Yes, sir.
 "THE COURT: You have the right to counsel at every stage of the proceeding.
 "MR. BENAVIDEZ: Yes, sir.
 "THE COURT: What is your desire?
 "MR. BENAVIDEZ: We would like to waive it.
 "THE COURT: All right, the arraignment may proceed. The record may show

each of the defendants received a copy of the Information."

3. The state trial court found and concluded:
 "1. That at the time the petitioner was arraigned in the District Court of the Third Judicial District, State of Utah, on the 15th day of December, 1958, for which charge he is presently being held in the Utah State Prison, the petitioner was advised of his right to counsel at every stage of the proceeding and urged by the District Court to obtain counsel.
 "2. The petitioner at the time of his arraignment was an individual 27 years old and thoroughly experienced in the arraignment process of both state and federal courts.
 "3. That at the time of the petitioner's arraignment in the District Court of the Third Judicial District, he waived counsel doing so because he did not desire counsel and had no interest in obtaining counsel.
 "Based upon the above entered findings of fact, the court makes the following conclusions of law:
 "CONCLUSIONS OF LAW
 "1. That the petitioner was thoroughly advised of his right to counsel and waived his constitutional right to counsel at the time of his arraignment."

Court together with a Designation of Record and Affidavit of Impecuniosity. For some reason not apparent from the file, there was some delay before any record of appeal was filed with the Clerk of the Utah Supreme Court; and even though petitioner was still allegedly represented by the Legal Defenders Association, no appellant's brief had been filed with the Clerk of the Supreme Court of Utah as of January 26, 1967. On that date, believing that the time in which an appeal could be perfected had elapsed, appellant filed a Complaint and Petition for Writ of Habeas Corpus in the Supreme Court of Utah which was denied February 7, 1967, without written findings.

On February 16, 1967, petitioner filed a petition for a writ of habeas corpus in this court, alleging deprivation of right to counsel and other grounds ruled to be without merit. I appointed counsel and upon hearing decided that the defendant had not exhausted state remedies: while the Supreme Court had denied a writ of habeas corpus on a petition filed directly with it, that court had not ruled on the appeal from denial of a writ by the state district court. Accordingly, I dismissed the initial petition but retained jurisdiction of the action pending the exhaustion of state remedies.

■ An amended petition was filed in this court on May 6, 1968, reporting the ruling of the Supreme Court of Utah on petitioner's appeal from the denial of his petition in the state district court. By its opinion dated January 9, 1968, the Utah Supreme Court affirmed the trial court's judgment.[4] It is now clear that petitioner has exhausted all remedies available to him in the Utah courts within the requirements of 28 U.S.C. § 2254. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ In the state habeas corpus proceeding the trial court found that "at the time of the petitioner's arraignment * * * he waived counsel doing so because he did not desire counsel and had no interest in obtaining counsel." The state court determined as a conclusion of law: "That the petitioner was thoroughly advised of his right to counsel and waived his constitutional right to counsel at the time of his arraignment." Petitioner asked the court to make specific findings on whether he had been advised that the court would appoint counsel for him and whether in the absence of such advice he knew from other sources that the court would do so upon request. No such findings, however, were made. The general or conclusionary findings actually made did not come to grips with the real issue in the case. Assuming, as the court did, that petitioner had no desire or interest in obtaining counsel does not resolve the question whether this was so because, as petitioner testified here, he had no means of procuring counsel himself and did not know that counsel would be appointed for him without delay. Moreover, a mere conclusion that petitioner "waived" counsel, whether set out as a purported finding of fact or as a conclusion of law, is not an acceptable finding of fact by a state court under the 1966 Amendment to 28 U.S.C. § 2254, Public Law 89–711, 89th Congress, 80

4. "Plaintiff appeals from a denial of his petition for writ of habeas corpus. He alleges in his petition that prior to his entry of a plea of guilty to a robbery charge in 1958 he was advised of his right to counsel, but was not advised of his right to have counsel appointed, in the event he were without funds to employ his own.[1] ([1.] Citing: Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962).)

"Upon authority of the recently decided case of State v. Workman,[2] ([2.] [20 Utah 2d 178], 435 P.2d 919, decided January 5, 1968.) and for the reasons stated therein, the decision of the lower court is affirmed." Nielsen v. Turner, 20 Utah 2d 181, 435 P.2d 921 (Utah 1968).

Stat. 1105.[5] As said in Shawan v. Cox, 350 F.2d 909 (10th Cir. 1965):

> The trial court [federal] also apparently gave great weight to findings of the state courts, which is ordinarily proper, but we have looked at those findings and have concluded that they are only findings of ultimate facts and there is no record from the state courts before us to show basic facts which support those ultimate facts. To us the record presents an aggravated case of the deprivation of an accused's constitutional right to counsel. *Id.* at 913.

See also Cordova v. Cox, 351 F.2d 269 (10th Cir. 1965).

■ ■ The instant case presents the constitutional question whether petitioner, before entering his plea of guilty to the crime charged in the information, understandingly and intelligently waived his right to counsel. While litigation, civil or criminal, must end sometime, it seems quite clear that where constitutional rights are involved, federal courts are required to hear the questions presented unless the issue is foreclosed by appropriate state court proceedings. State court findings on constitutional issues may be adopted in federal courts only when made after a fair hearing on the merits. Hall v. Page, 367 F.2d 352 (10th Cir. 1966); Burns v. Crouse, 353 F.2d 489 (10th Cir. 1965); Pate v. Page, 325 F.2d 567 (10th Cir. 1963). *Cf.* 28 U.S.C. § 2254 as amended. In Cordova v. Cox, 351 F. 2d 269 (10th Cir. 1965), the court said:

> Before a Federal Court accepts such a state court adjudication in a case involving a state prisoner, who has raised a Federal Constitutional question, the judge must first examine the state court record and satisfy himself that such adjudication is fairly supported by the facts and that there is no "vital flaw" in the state court adjudication. Id. at 271. [Footnote omitted.]

In the case of Cordova v. Cox, *supra,* a state prisoner's petition for writ of habeas corpus, which alleged that his plea of guilty was not intelligently and understandingly made, was denied by the federal district court. On appeal, the Tenth Circuit found that the district court's findings of fact and the New Mexico Supreme Court's order denying his petition for a writ of habeas

---

5. The Amendment provides:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit

'(1) that the merits of the factual dispute were not resolved in the State court hearing;

'(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

'(3) that the material facts were not adequately developed at the State court hearing;

'(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

'(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

'(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

'(7) that the applicant was otherwise denied due process of law in the State court proceeding;

'(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record. * * *' "

corpus were inadequate. The district court's findings were set out in a formal journal entry of judgment which contained categorical statements to the effect that defendant had been advised of his rights, waived his right to counsel, and pleaded guilty. The case was remanded with directions to vacate the order of dismissal, reopen the case, take any additional competent evidence offered and then to make adequate and sufficient findings of basic facts and conclusions of law.

Since the crucial question in this case had not been resolved by any meaningful state court finding, this court granted an evidentiary hearing. Neither the state nor the petitioner offered any additional evidence at the ensuing hearing since both parties agreed that the state trial transcript would constitute the record before this court. It is clear from the transcript that the state court failed to advise petitioner that if he could not obtain counsel through his own resources the court would provide counsel for him; and there is no express evidence tending to show that petitioner already knew of this right. The state seeks to draw the inference that petitioner knew from the fact that he had been involved previously in criminal proceedings.

■ Not only are the state court findings on waiver insufficient because they are statements of ultimate fact only, but the sole evidentiary basis claimed for them—involvement in previous criminal proceedings—is questionable. In Lovato v. Cox, 344 F.2d 916 (10th Cir. 1965), the defendant was not expressly advised that if he could not afford counsel the court would appoint counsel for him. The federal court stated that no particular ritual need be followed in advising a criminal defendant of his rights. Among other things the court apparently considered the defendant's prior experience in criminal prosecutions in finding that an intelligent and understanding waiver had been made. The state trial court's conversation with the defendant in that case, however, was somewhat more extensive and meaningful than here. Any suggestion, however, that *Lovato* permits inferring knowledge from previous experience in criminal proceedings alone is clearly removed by the following observations in *Shawan*:

> Appellee [the State] made little or no attempt to make a record sufficient to refute the oral testimony of appellant. We disagree with the trial court's finding that because this accused has been involved in previous criminal cases, it is to be inferred that he possessed all of the requisite understanding and intelligence to waive his right to counsel. That may be a fact to be given consideration together with all of the other facts and circumstances in the case, but standing alone it is not sufficient. 350 F.2d at 912.

In Sandoval v. Tinsley, 338 F.2d 48 (10th Cir. 1964), sustaining the denial of a writ against a claim of ineffective waiver, the state trial court had, among other things, advised the defendant: "You are entitled to representation in this court by competent counsel. If you don't have the funds with which to employ an attorney, this court will appoint one for you."

While it recognized that petitioner was not advised of his right to court-appointed counsel, if financially unable to provide his own, the Utah Supreme Court summarily affirmed the denial of a writ "upon authority of the recently decided case of State v. Workman", 20 Utah 2d 178, 435 P.2d 919 (1968). Obviously that case, dealing as it does with extra-judicial admissions or confessions where the requirement probably is not of constitutional dimension, could not be dispositive authority concerning the right to counsel in criminal proceedings themselves. *See* Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). *Cf.* Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). As recognized in

*Workman,* the *Miranda* decision is not retroactive, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), whereas the *Gideon* standard has been consistently so applied. *See e. g.,* Palumbo v. State of New Jersey, 334 F.2d 524 (3d Cir. 1964). In *Workman* there was no factual record before the court and it thus assumed that the record indicated that the confession was voluntary. Here we are concerned not with confessions but with a plea in open court and a record indicating that such plea was not preceded by affirmative advice from the court sufficient in and of itself to establish that there was a knowledgeable waiver of counsel.

Accordingly, the state court having effectively foreclosed neither the controlling question of fact nor the controlling question of law, this court must inquire into them.

I noted in McGuffey v. Turner, 267 F. Supp. 136 (D.Utah 1967) in denying a writ that:

The protection of constitutional rights is a weighty charge placed upon all courts and this court is not unmindful of the sensitivity with which the Supreme Court of the United States and this Circuit, as well as this court, have regarded a defendant's right to counsel and his freedom from involuntary self-incrimination. With the power federal courts have to thus safeguard constitutional rights even to the extent of disregarding state proceedings comes the responsibility of avoiding interference for trivial reasons with the state's enforcement of its own laws.

Nielsen testified before the state court that he did not ask for counsel because he didn't have money with which to hire a lawyer, his family was in Idaho and he couldn't get in touch with them and he wasn't sure they would be able to obtain counsel for him even if he did

contact them and because he "was under duress from his co-defendant" not to delay the proceedings in view of his co-defendant's claimed illness. He testified that he thought it would probably take six months or so for his family to get him a lawyer. He had both state and federal felony convictions and imprisonment on his record but testified that in none of those cases had he been represented by a lawyer. He testified that had the court informed him of his right to appointed counsel if he could not afford to retain an attorney himself, he would have requested counsel at the time.[6]

 One accused of crime is unquestionably entitled to the representation of counsel, irrespective of his financial inability to obtain counsel through his own resources. U.S.Const. Amend. VI, Utah Code Ann. § 77–22–12 (1953); Gideon v. Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A distinguished state judge has described the right to counsel as "the most pervasive right of an accused." W. V. Schaefer, "Federalism and State Criminal Procedure", 68 Harv. L.Rev. 1, 8 (1956). In order to secure this right it is clearly the duty of both state and federal trial judges to determine that those accused of crime are fully informed of their right to counsel even though they cannot afford to pay, and not to accept a waiver of counsel unless the accused so understand. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964), *rev'ing per curiam,* 175 Ohio St. 46, 191 N.E.2d 727 (1963). Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *Cf.* Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). This determination must

---

6. Compare Dyett v. Turner, 287 F.Supp. 113 (D.Utah 1968), decided this day, and Brown v. Turner, 440 P.2d 968 (Utah 1968), where the respondent defendants knew that the court had appointed counsel for indigent defendants.

be made before any significant steps in criminal proceedings are taken. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

The justification and necessity of such advice is manifest: without it the sophisticated criminal would enjoy appointed counsel, but the unsophisticated, ignorant or timid person who might assume that even though he had the right to counsel he would have to provide counsel by his own resources would not. It is also abundantly clear that expecting trial judges to see that criminal defendants are informed of and fully understand their right to counsel is no unreasonable burden but a very simple obligation. Unless this constitutional requirement is observed, convictions otherwise lawful will be jeopardized.

▆ And there is no question that an issue involving a proper explanation or waiver of a federal constitutional right is a federal question on which Supreme Court decisions are binding both upon federal and state courts.

▆ ▆ If state courts observe constitutional principles in making appropriate explanations to those accused of crime of their right to counsel and make appropriate findings of fact when the sufficiency of those explanations are questioned, federal courts may accept those findings without independent inquiry. See the 1966 amendment to 28 U.S.C. § 2254, supra. If state courts refuse to apply constitutional standards or to make appropriate inquiry and determinations of record on the facts, the intervention of federal courts is not only invited but demanded whenever a question of fact arises whether the accused had sufficient understanding of his rights to render a waiver effective.

We find it difficult to understand the State Supreme Court's decision in Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (Utah 1968). Most of the opinion is devoted to an attack upon the decisions of the United States Supreme Court which, it is claimed, necessitate turning "the prisoner loose upon society". We do not find it necessary to defend decisions of the Supreme Court. They are binding not only upon this court but upon the Supreme Court of the State of Utah and all other courts under our constitutional system. To suggest that either federal trial courts, state trial courts, or state appellate courts might properly decline to follow the rulings of the Supreme Court of the United States would be unthinkable and I cannot interpret the *Dyett* decision as so suggesting. Yet such decisions may blur the necessity of compliance with constitutional requirements as defined by the Supreme Court and thus lead state trial courts to further oversights of the instant character. To put the matter in proper perspective with respect to the claimed adverse effect of Supreme Court decisions, federal intervention for related reasons would not be required at all if state judges, before accepting waivers of counsel, would make clear that if the accused could not afford counsel the court would appoint counsel for them.

There being no meaningful findings by the trial court on these points which could be accepted by this court pursuant to 28 U.S.C. § 2254, and the Supreme Court of the State not having come to grips with the real problem here, this court considers itself free, and that it is its duty, to make the following findings of fact on the evidence adduced before it on the controverted but undecided issues:

1. That the petitioner at the time he entered his plea of guilty was not advised, and did not have knowledge, that if he could not employ counsel through his own resources the court would appoint an attorney for him.

2. That the petitioner was unable to provide counsel through his own resources.

3. That if he had known the court would or could appoint counsel for him he would have asked for such appointment and would not have "waived" counsel.

4. That the appointment of counsel would have been appropriate and would have been valuable to the petitioner.

 The court concludes that there was no valid waiver of the right to counsel, that petitioner was unconstitutionally convicted upon his plea and that such purported conviction was and is invalid.

A writ of habeas corpus is hereby granted, with a stay for ten days pending appeal, if any. In all events, the respondent Warden is directed to retain custody of petitioner for a period of thirty days after this judgment becomes final during which time appropriate state authorities may take custody of petitioner for the purposes of the further and speedy prosecution of the charges involved herein; otherwise, at the end of such thirty days, petitioner shall be released from custody. Shawan v. Cox, supra.