Forrest Eugene SMITH, Petitioner-Appellant,

v.

Ward LANE, Warden, etc., Respondent-Appellee.

Nos. 17208, 17209.

United States Court of Appeals, Seventh Circuit.

May 18, 1970.

Rehearing Denied June 22, 1970.

Michael R. Maine, Indianapolis, Ind., for petitioner-appellant.

Theodore L. Sendak, Atty. Gen., William F. Thompson, Indianapolis, Ind., for respondent-appellee.

Before KILEY and FAIRCHILD, Circuit Judges, and WISE, District Judge.[1]

FAIRCHILD, Circuit Judge.

Petitioner Smith is imprisoned under a life sentence imposed in 1948 by an Indiana court. He was then convicted of theft of a vehicle, and the sentence imposed for the specific offense has expired. He was also sentenced to life imprisonment under Indiana's habitual criminal statute[2] by reason of the fact that before the 1948 conviction he had twice (in 1942 and 1945) been convicted of felony.

In February, 1968, Smith filed a petition in federal district court for habeas corpus. The petition was denied February 13, 1968 partly on the ground that Smith had failed to exhaust state remedies. After further proceedings in Indiana courts, he filed another petition. The latter was denied August 12, 1968. Smith appealed from both denials. Only the second need be considered.

Smith alleged that the 1942 conviction on his plea of guilty was invalid because he had been denied his right to counsel. He set forth a record entry in narrative form. The district court, without a hearing, concluded that the entry showed a sufficient waiver of counsel.

The entry was quoted as follows:

" * * * the said affidavit was read to him by the prosecuting attorney, and before he entered his plea he was advised by the State of Indiana the nature of the crime charged and the penalties thereof, and if he wanted an attorney to represent him in this cause, and the said defendant stated that he did not want the service of an attorney and that he knew the nature of the crime and the penalty thereof, and that he wanted to plead guilty to the charge of Vehicle Taking as charged in the affidavit. * * * "

At best for the state, the record fails to show that petitioner was advised that if he was unable to employ an attorney, the court would appoint one who would serve without expense to petitioner.

Defendant had a constitutional right to have the assistance of counsel in 1942.[3] It can not be deemed waived

---

1. District Judge Wise of the Eastern District of Illinois is sitting by designation.

2. Burns, Indiana Statutes, 9–2207, 8.

3. Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, is not limited to prospective application.

# 769

if the accused was not informed of his right to counsel even though he can not afford to pay.[4]

Merely asking a defendant if he "wants" an attorney is not sufficient to inform him that he has a right to any attorney.[5]

An indigent accused must know not only of his right to be represented by counsel, but must also know that if he could not procure one through his own resources the court would appoint a lawyer for him.[6]

"The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."[7]

Accordingly we conclude that the district court could not properly determine from the brief record entry quoted in the petition that petitioner had intelligently waived counsel. It became necessary for the court to order respondent to show cause why a writ should not be granted, and to determine any material issues of fact after a hearing.

If petitioner did not intelligently waive counsel in the 1942 proceeding, the 1942 conviction is invalid, and the life sentence which rests upon it is also invalid.[8]

Respondent argues that petitioner waived his claim that the 1942 conviction was invalid by failing to raise the point

when it was used against him in 1948. This argument must fail if for no other reason than that *Gideon* had not yet been decided.

The order entered August 12, 1968 is reversed and the cause remanded for further proceedings consistent with this opinion. The appeal from the order entered February 13, 1968 thus becomes moot and is dismissed.

Michael R. Maine of the Indiana bar was appointed to represent petitioner on this appeal. This court is grateful to him for his excellent professional service.

Linkletter v. Walker (1965), 381 U.S. 618, 628, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601.

4. Molignaro v. Dutton (5th Cir., 1967), 373 F.2d 729.

5. See Lastinger v. United States (5th Cir., 1966), 356 F.2d 104; Irving v. Breazeale (5th Cir., 1968), 400 F.2d 231; Jackson v. Maxwell (D.Idaho, 1966), 262 F.Supp. 494. See, however, Cost v. Boles (N.D. W.Va., 1967), 272 F.Supp. 39.

6. See Wright v. Dickson (9th Cir., 1964), 336 F.2d 878, 883; Townes v. United States (4th Cir., 1966), 371 F.2d 930, 933, cert. den. 387 U.S. 947, 87 S.Ct. 2083, 18 L.Ed.2d 1335; Dodge v. Turner

(D.Utah, 1967), 274 F.Supp. 285, 288; Nielsen v. Turner (D.Utah, 1968), 287 F.Supp. 116, 122.

7. Carnly v. Cochran (1962), 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70.

8. Burgett v. Texas (1967), 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319. See Losieau v. Sigler (8th Cir., 1969), 406 F.2d 795, cert. den. 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452, 485; United States ex rel. Durocher v. La Vallee (2nd Cir., 1964), 330 F.2d 303, cert. den. 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048; Clark v. Turner (D.Utah, 1968), 283 F. Supp. 909. Contra: State v. Gurecki (1966), 247 Ind. 218, 214 N.E.2d 392.