James **SLATON**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 72 C 3131.

United States District Court,
N. D. Illinois, E. D.
April 16, 1973.

James Slaton, pro se.

James R. Thompson, U. S. Atty., G. B. Nash, Asst. U. S. Atty., Chicago, for respondent.

## MEMORANDUM OPINION
## AND ORDER

AUSTIN, District Judge.

In 1968 petitioner was convicted of unlawfully receiving heroin in violation of 21 U.S.C. § 174 and of selling heroin without receiving an order form from the buyer in violation of 26 U.S.C. § 4705(a). At the hearing prior to the imposition of sentence the United States Attorney informed this court that Slaton had a prior narcotics conviction in 1950, which under 26 U.S.C. § 7237 mandated a minimum sentence of ten years incarceration. Slaton was then

sentenced to the custody of the Attorney General for ten years and fined $500. In this motion under 28 U.S.C. § 2255 he attacked the validity of that sentence inasmuch as it was based upon a prior conviction that he alleges was itself invalid because he was improperly advised of his right to counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963).

■■ If Slaton's 1968 sentence was based on a prior conviction that was constitutionally invalid under Gideon v. Wainwright, *supra,* then it is clear that he is entitled to be re-sentenced without giving consideration to the prior conviction. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Smith v. Lane, 426 F.2d 767 (7th Cir.) cert. denied, 400 U.S. 874, 91 S.Ct. 103, 27 L.Ed.2d 109 (1970). The government seeks to distinguish this case from the situation in *Tucker* by pointing out that the prior convictions in *Tucker* had been determined unconstitutional prior to the time of his § 2255 petition and by courts other than that in which he filed his petition. This is a meaningless distinction, which courts have ignored regardless of whether the issue has been presented on direct appeal, United States v. Lufman, 457 F.2d 165 (7th Cir. 1972); Woods v. United States, 457 F.2d 185 (7th Cir. 1972), on a petition for habeas corpus Smith v. Lane, *supra,* or on collateral attack under Criminal Rule 35 and § 2255. United States v. Wendt, 347 F.Supp. 647 (N.D.Ga.1972). Thus, there is no barrier in policy or in precedent that would prevent this court from determining today whether Slaton's waiver of counsel in 1950 was constitutionally sufficient.

■ On the issue of sufficiency the government contends that a minute order entered by Judge Igoe on October 10, 1950 conclusively demonstrates that there was a constitutionally sufficient waiver of counsel and that no further inquiry into this matter is necessary. The order stated, "Defendants and each of them waive right to counsel and enter pleas of guilty." Standing alone, this is insufficient evidence "that an accused was offered counsel but intelligently and understandingly rejected the offer" of counsel. Smith v. Lane, *supra* 426 F.2d at 769, citing, Carnly v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). *Smith* was a habeas corpus case predating United States v. Tucker, *supra,* and it held that the petitioner was entitled to an evidentiary hearing on the sufficiency of his waiver of counsel in a prior conviction that subsequently provided the basis for a life sentence under a state habitual criminal statute. A hearing was necessary even though record in the 1942 case stated:

> . . . the said affidavit was read to him by the prosecuting attorney, and before he entered his plea he was advised by the State of Indiana the nature of the crime charged and the penalties thereof, and if he wanted an attorney to represent him in this cause, and the said defendant stated that he did not want the service of an attorney and that he knew the nature of the crime and the penalty thereof, and that he wanted to plead guilty to the charge of Vehicle Taking as charged in the affidavit. 426 F.2d at 768.

Like the record in *Smith,* the minute order quoted by the government in this case at best fails to show that Slaton was advised of his right to attorney at public expense if he were unable to afford one. *See* Smith v. Lane, 426 F.2d at 768. Therefore, this court must deny the government's motion to dismiss unless it can offer conclusive proof that Slaton's waiver of counsel in 1950 was in fact sufficient.

For the foregoing reasons, the Attorney General is ordered to present James Slaton in this court on May 11, 1973 for a hearing on the sufficiency of Slaton's waiver of counsel in 1950 or for re-sentencing if it is determined that the 1950 waiver was invalid.